**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jason Allan CONLEY, Defendant–**
**Appellant.**

No. 03–1157.

United States Court of Appeals,
Sixth Circuit.

March 11, 2004.

Daniel Y. Mekaru, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Daniel Y. Mekaru, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Before MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.*

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

**56**

*ORDER*

Jason Allan Conley, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Conley pleaded guilty to the above offense in August 2003, pursuant to a written plea agreement. In the presentence investigation report (PSR), the probation officer recommended, inter alia, imposing a four-level enhancement under USSG § 2K2.1(b)(5) for possessing the firearm in connection with another felony offense, the distribution of marijuana. The district court overruled counsel's objection to this enhancement and sentenced Conley to 87 months in prison, a $1,300 fine, and a special assessment of $100.

In his timely appeal, Conley argues that the district court erred by imposing the § 2K2.1(b)(5) enhancement. Conley contends that the enhancement was inappropriate because a sufficient nexus between the firearm and his alleged distribution of marijuana did not exist. In particular, Conley challenges the district court's reliance on grand jury testimony, its failure to address the issue of the credibility of the grand jury witnesses, the lack of drugs found in Conley's house, and the district court's application of the "fortress theory."

We review for clear error the district court's factual findings, and accord 'due deference' to the district court's determination that the USSG § 2K2.1(b)(5) enhancement applies." *United States v. Burke*, 345 F.3d 416, 426–27 (6th Cir.2003). Section 2K2.1(b)(5) provides for a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense."

The "in connection with" element may be established under the fortress theory by showing a nexus between weapons and drugs. *United States v. Hardin*, 248 F.3d 489, 500 (6th Cir.2001). A sufficient connection is established under the fortress theory "if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir.2001) (internal quotation marks omitted). The government has the burden of proof of showing that the guideline applies. *Hardin*, 248 F.3d at 495. To succeed on a challenge to a sentence, the defendant must show that the information before the district court was inaccurate and that the district court relied upon it. *United States v. Westbrook*, 986 F.2d 180, 182 (7th Cir. 1993).

First, the district court properly relied on grand jury testimony. "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a). Hearsay evidence, which includes grand jury testimony, may be considered if it bears some minimal indicia of reliability. *See United States v. Mayle*, 334 F.3d 552, 559 (6th Cir.2003); *United States v. Williams*, 10 F.3d 910, 914 (1st Cir.1993). In the instant case, the grand jury testimony was given under oath and subject to the penalties of perjury, and thus had at least minimal indicia of reliability. *See Williams*, 10 F.3d at 914. Furthermore, Conley has failed to show that any of the information

relied on by the district court was inaccurate.

Second, Conley's argument that the district court erred by failing to determine the credibility of the grand jury witnesses will not be considered because Conley did not raise this issue at sentencing. *See United States v. Nagi,* 947 F.2d 211, 213 (6th Cir.1991).

Third, contrary to Conley's argument on appeal, drugs were found in the house and the district court in fact commented on this at sentencing. Review of the search warrant indicates that the police seized loose marijuana and white powder from the top of the dresser in Conley's bedroom, as well as mushrooms, white pills, and tally sheets from inside of his dresser. Marijuana and drug paraphernalia were also found in other parts of the house.

Finally, the district court properly applied the fortress theory. The district court concluded that a sufficient nexus existed between the firearm and the drugs because: the firearm was in close proximity to the drugs; the search warrant listed seized drug paraphernalia; the firearm was a semi-automatic pistol with a laser sight and was the type of firearm used by drug dealers; Conley admitted that he needed the firearm for personal protection without giving a reason for this need; grand jury testimony indicated that Conley was a drug dealer; and the firearm was loaded. There was no error by the district court.

Accordingly, the district court's judgment is affirmed.