NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0755n.06
Filed: October 24, 2007

No. 06-1929

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff-Appellee,          )
                                     )
v.                                   )    ON APPEAL FROM THE UNITED
                                     )    STATES DISTRICT COURT FOR THE
LAMAUN SCOTT,                        )    EASTERN DISTRICT OF MICHIGAN
                                     )
        Defendant-Appellant.         )

Before: MARTIN, GIBBONS, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Lamaun Scott pleaded guilty to being a felon in possession of a firearm, and the district court, after applying a four-level enhancement for possession of a firearm in connection with another felony offense, imposed a within-guidelines sentence of 100 months. Because the district court did not err in calculating the guidelines range, we affirm.

I.

On September 25, 2004, Michigan State Police officers stopped a car driven by Lamaun Scott for speeding and for Scott's failure to wear a seatbelt. As the troopers pulled Scott over, they learned that he had an outstanding arrest warrant for failure to pay child support. When the officers approached Scott's car, they observed, in plain view on the floor of the passenger side of his car, a small amount of marijuana. The officers arrested Scott for possession of marijuana, searched him

and discovered that he was carrying a loaded, Glock 45 millimeter handgun in the waistband of his pants.

When the officers searched Scott's car, they also found a small "baggie" in the center console, holding .55 grams of marijuana. The officers impounded the car, and an inventory search revealed, inside the locked trunk, a red duffel bag containing 25 grams of marijuana and a digital scale next to the bag.

A federal grand jury indicted Scott for violating the felon-in-possession-of-a-firearm statute, *see* 18 U.S.C. § 922(g)(1), and Scott pleaded guilty to the charge. (Scott previously had been convicted of felony robbery, firearm and drug offenses.)

The base offense level for violating the felon-in-possession statute is 24. The presentence investigation report, based on the 2005 version of the guidelines, recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for possession of a firearm in connection with another felony offense—here possession of marijuana with intent to distribute. The presentence report also recommended a three-level downward adjustment for acceptance of responsibility. After incorporating the enhancement and downward adjustment, the presentence report calculated an offense level of 25 and a criminal history category V, which intersect at an advisory guidelines range of 100–125 months.

Scott objected to the § 2K2.1(b)(5) enhancement. The district court overruled his objection, approved the guidelines calculation and sentenced Scott to 100 months.

II.

A sentencing court may impose a four-level sentencing enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5) (2005). To apply the enhancement, the sentencing court must determine by a preponderance of the evidence, *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006), that: (1) the defendant committed "another felony offense," defined as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained," U.S.S.G. § 2K2.1 cmt. n.4; and (2) the defendant "used or possessed [a] firearm in connection with" that other offense, U.S.S.G. § 2K2.1(b)(5). "We review for clear error the district court's factual findings, and accord due deference to the district court's determination that the U.S.S.G. § 2K2.1(b)(5) enhancement applies." *United States v. Burke*, 345 F.3d 416, 426–27 (6th Cir. 2003) (internal quotation marks omitted).

A.

Ample evidence supports the district court's first determination—that Scott committed "another felony offense." The police found marijuana in three different places in the car—small amounts on the floorboard and in the console and a much larger amount (more than 25 grams) in a red duffel bag in the trunk—and he had a digital scale in the trunk next to the drugs. Scott also carried a .45 caliber Glock firearm in his waistband. A factfinder could fairly infer that drug dealing and guns go hand in hand. *See United States v. Hardin*, 248 F.3d 489, 499 (6th Cir. 2001) ("This

Court has held many times that guns are tools of the trade in drug transactions.") (internal quotation marks omitted); *United States v. Stafford*, 232 F. App'x 522, 525 (6th Cir. July 25, 2007) (noting the "general observation that drug dealers generally carry guns for protection"). And a factfinder could fairly infer that the purpose of a digital scale found next to a quantity of drugs larger than that used solely for personal consumption, *United States v. Vincent*, 20 F.3d 229, 233 (6th Cir. 1994), was to weigh the drugs for distribution, *United States v. Stewart*, 306 F.3d 295, 327 (6th Cir. 2002) (observing that scales are "often used in the illegal drug trade"); *see also United States v. Fudge*, 175 F. App'x 694, 698 (6th Cir. Apr. 7, 2006) (describing digital scales as one of the "classic trappings of drug dealing"). Making the district court's (and our) job easier, Scott never presented any alternative explanations for his possession of the three items—either during sentencing or on appeal.

That Scott was never convicted of the marijuana offense does not change matters. "[I]t is clear that the defendant need not be charged with or convicted of the other felony offense" for a § 2K2.1(b)(5) enhancement to apply. *United States v. Rutledge*, 33 F.3d 671, 674 (6th Cir. 1994); *see* U.S.S.G. § 2K2.1 cmt. n.4 (defining "felony offense" as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, *whether or not a criminal charge was brought, or conviction obtained*") (emphasis added).

B.

Also supported by the evidence is the court's second determination—that Scott possessed his firearm in connection with the felony marijuana offense. To establish that a firearm was "used

- 4 -

or possessed in connection with" another felony offense under § 2K2.1(b)(5), the government must show a nexus between the firearm and the other felony offense that rises above the coincidental. *United States v. Huffman*, 461 F.3d 777, 788 (6th Cir. 2006).

The "fortress theory" supports the district court's finding, namely the theory that Scott "used a firearm to protect the drugs, facilitate a drug transaction, or embolden himself while participating in felonious conduct." *Id.* A sentencing court, we have recognized on several occasions, may apply the fortress theory in the context of § 2K2.1(b)(5). *See, e.g.*, *United States v. Burns*, 498 F.3d 578, 580 (6th Cir. 2007) (upholding § 2K2.1(b)(5) enhancement where police found the firearm in "close proximity to drugs and drug paraphernalia" and the defendant "had ready access to the gun when police apprehended him"); *United States v. Cheney*, 183 F. App'x 516, 518 (6th Cir. May 24, 2006); *United States v. Conley*, 93 F. App'x 55, 57 (6th Cir. Mar. 11, 2004) (upholding § 2K2.1(b)(5) enhancement where "the firearm was [found] in close proximity to the drugs; . . . the firearm . . . was the type of firearm used by drug dealers; [the defendant did not] giv[e] a reason for th[e] need [for the gun]; grand jury testimony indicated that [the defendant] was a drug dealer; and the firearm was loaded"). Based on this case law, the district court could well conclude that the most reasonable explanation for Scott's possession of both the loaded gun and the drugs was that Scott carried the weapon to protect his large quantity of marijuana. *See Burns*, 498 F.3d at 581 ("[I]t's not reasonable to suggest that [the defendant] was possessing a loaded [firearm] to simply smoke marijuana with his friends.") (internal quotation marks omitted).

Scott submits that the government did not establish the requisite nexus between the gun and drugs because the drugs were locked in the trunk. But "a vehicle's trunk," we have held, is "part of a drug trafficker's automobile 'fortress.'" *United States v. McClellan*, No. 93-4084, 1994 WL 589497, at \*6 (6th Cir. Oct. 25, 1994) (applying the fortress theory in the 18 U.S.C. § 924(c) context). Other circuits have reached a similar conclusion. *See United States v. Jones*, 327 F.3d 654, 657–58 (8th Cir. 2003) (upholding § 2K2.1(b)(5) enhancement where drugs were found under the vehicle's driver seat and the firearm was recovered from a duffel bag in the trunk); *United States v. Patterson*, 97 F.3d 192, 196 (7th Cir. 1996) (upholding § 2K2.1(b)(5) enhancement where the firearm and drugs were located next to each other in the trunk of the defendant's car).

The requisite nexus, moreover, does not require strict proximity between the drugs and the gun. The salient point is "whether the *defendant* was in proximity of the firearm when he possessed the drugs . . . not whether the *drugs* were near the firearm." *Cannon v. Lafler*, No. 06-1259, 2007 WL 2728547, at \*4 (6th Cir. Sept. 19, 2007) (internal quotation marks and alteration omitted). Because Scott does not dispute carrying his firearm in his waistband while possessing the marijuana, the nexus requirement was satisfied.

III.

For these reasons, we affirm.