UNITED STATES of America,
Plaintiff–Appellee,

v.

Jimmy Lee RUTLEDGE, Defendant–
Appellant.

No. 93–6596.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 11, 1994.

Decided Sept. 1, 1994.

Gary Humble, Asst. U.S. Atty., Chattanooga, TN (argued and briefed), for plaintiff-appellee.

Perry H. Piper, Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, TN (argued and briefed), for defendant-appellant.

Before: MARTIN, NELSON, and DAUGHTREY, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

Convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e), and sentenced to almost 25 years in prison, the defendant appeals both his

conviction and his sentence. The conviction is challenged on the ground that the trial court erred in overruling an objection to "improper and inflammatory remarks" made in the prosecutor's closing argument. The sentence is challenged on the ground that the trial court erred in enhancing the defendant's guideline sentence range on the basis of a crime (aggravated assault or reckless endangerment) for which the defendant was never prosecuted and of which he contends he was not guilty. Concluding that the district court committed no error in either respect, we shall affirm the conviction and sentence.

I

The defendant, Jimmy Lee Rutledge, was indicted on three counts of being a felon in possession of a firearm. Mr. Rutledge stipulated at the start of his jury trial that he had previously been convicted of rape, second-degree murder, and aggravated assault. The court so informed the jury.

Notwithstanding these multiple felony convictions, a coworker named Alan Jaco testified that Rutledge repeatedly brought a gun to work. Jaco testified that on one occasion Rutledge even fired a pistol in his direction, missing his head by about a foot. Jaco also testified that Rutledge "had [the gun] out shooting it around about every day." A neighbor, Mary Elizabeth Yates, testified that she once saw Rutledge firing a gun into the air as he walked into his house.

During closing arguments Mr. Rutledge's attorney acknowledged that Rutledge was a convicted felon and that he had possessed a gun. Without denying that Rutledge had fired the weapon, he argued that Rutledge possessed the gun for "innocent" reasons, such as target shooting. He also chided the prosecution for making "a federal case out of it."

During his rebuttal, the prosecutor responded to the "federal case" argument as follows:

"[H]e tells you, first of all he starts out by 'why make a federal case out of this?' I'll tell you why make a federal case out of it, and I won't apologize, ladies and gentlemen. That man is a convicted murderer, a convicted rapist and convicted aggravated assault [sic], and yet he is walking the street out here ... with a gun shooting at Mr. Jaco.... Why make a federal case out of it? I think you know why make a federal case out of it."

The district court overruled objections by Rutledge to these remarks.

The jury found Mr. Rutledge guilty on all three counts. Pursuant to § 4B1.4 of the United States Sentencing Guidelines—a section that applies to the sentencing of armed career criminals—the district court concluded that Rutledge's offense level under the guidelines was 34 and his criminal history category was VI. The guideline range for these coordinates is imprisonment for 262–327 months. The district court sentenced Rutledge to 294 months on each count, to be served concurrently. Mr. Rutledge perfected a timely appeal.

II

A

Mr. Rutledge takes exception here, as he did in the district court, to the prosecutor's argument that he was "a convicted murderer, a convicted rapist and convicted aggravated assault [sic], and yet he is walking the street out here ... with a gun shooting at Mr. Jaco." When reviewing alleged prosecutorial misconduct, we consider the degree to which the remarks complained of had a tendency to mislead the jury and to prejudice the defendant; whether they were isolated or extensive; whether they were placed before the jury deliberately or accidentally; and the strength of the evidence of the defendant's guilt. *United States v. Payne*, 2 F.3d 706, 711–12 (6th Cir.1993).

The remarks complained of in the instant case were unlikely to mislead or prejudice the jury. Mr. Rutledge had stipulated to his convictions for murder, rape, and aggravated assault, and Mr. Jaco's testimony that Rutledge had narrowly missed him with a pistol shot had gone unchallenged. Given these facts, the prosecutor's observations strike us as a fair response to Mr. Rutledge's "federal case" argument. The evidence es-

tablishing Rutledge's guilt was overwhelming, moreover. Rutledge's claim that he possessed the gun for innocent purposes was not a legitimate defense to the unlawful possession charges. Even if the prosecutor's remarks had been improper, any error in overruling the objections to them would have been harmless.

### B

18 U.S.C. § 924(e)(1) provides that if a defendant is convicted of unlawfully possessing a firearm, a crime under 18 U.S.C. § 922(g), and he has three prior convictions for violent felonies, he must be sentenced to imprisonment for at least 15 years. Section 4B1.4(a) of the sentencing guidelines provides that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)"—as Mr. Rutledge was—"is an armed career criminal." The guidelines provide that if an armed career criminal "used or possessed the firearm or ammunition in connection with a crime of violence," his offense level is 34 and his criminal history category is VI. U.S.S.G. §§ 4B1.4(b)(3)(A), 4B1.4(c)(2).

For the definition of "crime of violence," § 4B1.4 makes reference to § 4B1.2(1). That section provides as follows:

> "The term 'crime of violence' means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" (Emphasis supplied.)

In the instant case the district court found that Mr. Rutledge had used a firearm in connection with a crime of violence against Alan Jaco. The court concluded that in firing his pistol so that the bullet passed a foot from Jaco's head, Rutledge had committed either of two crimes under Tennessee law, aggravated assault or reckless endangerment. As directed by U.S.S.G. § 4B1.4,

therefore, the court assigned Mr. Rutledge an offense level of 34 and a criminal history category of VI. If the shooting incident had not been treated as a crime of violence, the offense level would have been 33, the criminal history category would have been no higher than V, and the top of the guideline sentence range would have been no higher than 262 months.

■ Mr. Rutledge objects to the court's finding that he used the gun in connection with a crime of violence, arguing first that he would have had to be *convicted* of a crime of violence in connection with the use of a firearm before § 4B1.4 could properly be applied to him. We disagree. A conviction is not required, in our view, if a crime of violence was in fact committed.

No court, as far as we know, has addressed the precise question of whether the crime of violence referred to in § 4B1.4 must be a crime of which the defendant has been convicted. Judicial opinions construing similar guideline provisions, however, and the structure of the guidelines themselves, strongly suggest that a conviction for a violent crime is not a prerequisite to application of this section.

It is well established that findings of fact crucial to the determination of a defendant's offense level and criminal history category need only be supported by a preponderance of the evidence; the government need not establish the facts beyond a reasonable doubt. *United States v. Watkins,* 994 F.2d 1192, 1195 (6th Cir.1993); *United States v. Walton,* 908 F.2d 1289, 1302 (6th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990). And throughout the guidelines the Sentencing Commission has permitted the sentencing court to consider uncharged relevant conduct in deciding a defendant's guideline range.

The Commission's policy is reflected in the commentary to U.S.S.G. § 1B1.3, a section that deals generally with the use of relevant conduct in determining the guideline range. Application note 6 to § 1B1.3 says that

> "[a] particular guideline ... may expressly direct that a particular factor be applied only if the defendant was convicted of a

particular statute.... *Unless such an express direction is included, conviction under the statute is not required.* Thus, use of a statutory reference to describe a particular set of circumstances does not require a conviction under the referenced statute." (Emphasis supplied.)

Section 4B1.4 does not expressly direct that the defendant's use of a firearm in connection with a crime of violence be taken into account only if the crime has led to a conviction. Neither does the definition of the term "crime of violence" (see U.S.S.G. § 4B1.2(1)) specify that the crime must be one that has resulted in a conviction. The definition is analogous in this respect to other sections of the guidelines that permit enhancement for uncharged relevant conduct, as long as the government proves by a preponderance of the evidence that the conduct occurred. For example, U.S.S.G. § 2K2.1(b)(5) provides for an enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense"—and it is clear that the defendant need not be charged with or convicted of the other felony offense. *Id.,* application note 7; *United States v. Condren,* 18 F.3d 1190, 1194 n. 11 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 161, —— L.Ed.2d —— (1994). In *United States v. Voyles,* 995 F.2d 91 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 700, 126 L.Ed.2d 666 (1994), similarly, we held that § 2K2.1(c), which provides for a sentence enhancement if the defendant used a firearm "in connection with the commission ... of another offense," may be applied regardless of whether the defendant has been convicted of the other offense.

Where the drafters of the guidelines intend that a defendant must have been convicted of a particular crime if a particular provision of the guidelines is to be applied, they generally say so explicitly. See, for example, U.S.S.G. § 4B1.1, which defines a "career offender" as a defendant who, among other things, has at least two "felony *convictions* of ... crime[s] of violence." (Emphasis added). No corresponding term appears in the definition of an "armed career criminal," the category at issue here.

Mr. Rutledge points to application note 2 to § 4B1.2, which states: "Under this section, the conduct of which the defendant was convicted is the focus of inquiry." But § 4B1.2 merely defines the terms used in § 4B1.1; it does not purport to deal with § 4B1.4, the armed career criminal provision.

Mr. Rutledge also maintains that his firing a shot in the direction of Mr. Jaco was not a crime of violence at all. In Tennessee, however, one who uses a deadly weapon and intentionally or knowingly causes another to reasonably fear imminent bodily injury has committed aggravated assault. Tenn.Code Ann. §§ 39–13–101(a)(2), 39–13–102(a)(1)(B). One who recklessly engages in conduct that may place another in imminent danger of death or serious bodily injury has committed reckless endangerment. *Id.* § 39–13–103. We agree with the district court that both of these shoes fit here.

Mr. Rutledge says that he fired the shot in jest, and thus lacked the necessary intent for a crime of violence, but Mr. Jaco's unchallenged testimony shows that the discharge of the weapon in his direction was at least reckless. It obviously placed Jaco in imminent danger of serious injury. The district court did not err in finding that Rutledge had used a gun in connection with a crime of violence.

The conviction and sentence are **AFFIRMED.**