United States Court of Appeals,

Eleventh Circuit.

No. 97-3068

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Huguster MELLERSON, a.k.a. Anthony Edwards, a.k.a. Gregory Mellerson, a.k.a. Gus, Defendant-Appellant.

July 8, 1998.

Appeal from the United States District Court for the Middle District of Florida. (No. 96-293-CR-T-25C), Thomas A. Wiseman, Jr., Judge.

Before BLACK, CARNES and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Huguster Mellerson was found guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and he was sentenced to life imprisonment. He appeals both his conviction and sentence.

We affirm Mellerson's conviction without comment, because his arguments about it are clearly meritless. He contests his sentence on two grounds: 1) that the district court abused its discretion by adjusting his offense level upward by three levels after finding the Sentencing Guidelines' Criminal History Category VI (the highest category) did not adequately take into account his criminal history; and 2) that the district court erred by setting his base offense level at 34 under U.S.S.G. § 4B1.4(b)(3)(A), because his possession of a firearm was not in connection with a crime of violence for which he had been convicted. Mellerson's first contention is foreclosed by one of our prior decisions. His second contention is a matter of first impression. As to it, we follow

the reasoning of the First and Sixth Circuits and hold that the government need only prove that the defendant possessed a firearm in connection with a crime of violence, not that he has been convicted for that crime of violence.

## I. BACKGROUND

Mellerson showed up at a house in Tampa, Florida, where his wife and daughter were. While at the house, Mellerson became angry with his wife and verbally threatened her. At one point, he stated, "I'm going to kill you, bitch!" During the dispute, while in front of the house, Mellerson took out a revolver and fired one or two shots into the air. He then came back in the house, grabbed his daughter, and left with her in a stolen automobile. His wife called the Tampa police, and they went to her house. By the time they arrived, Mellerson was there. They found him and two firearms at that house. A later inventory search of the stolen car Mellerson had been driving turned up a third gun.

State authorities began prosecuting Mellerson for aggravated assault and armed burglary stemming from that day's events. The state charges were later *nol prossed,* but a federal grand jury indicted Mellerson on three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He was convicted of the federal charges in this case.

The presentence investigation report reviewed Mellerson's criminal history and determined that he had a total of 40 criminal history points, 27 more than necessary to put him in the highest possible criminal history category, Category VI. In addition, the PSI recommended that because Mellerson possessed the firearm in connection with crimes of violence, namely the aggravated assault and armed burglary, and was an Armed Career Criminal (ACC), he should receive the ACC enhancement pursuant to U.S.S.G. § 4B1.4(b)(3)(A), which would set his base offense level at 34.

Mellerson objected to the use of the ACC § 4B1.4(b)(3)(A) enhancement because he had not

been actually convicted of any offense of violence connected with his firearm possession; the aggravated assault and armed burglary charges had been *nol prossed.* The district court overruled Mellerson's objection and found that he had committed a crime of violence—albeit one for which he had not been convicted—in connection with his firearm possession. As a result, the court set his base offense level at 34. The court then, over Mellerson's objection, upwardly departed three levels pursuant to U.S.S.G. § 4A1.3 because the criminal history category of VI did not adequately reflect the seriousness of his criminal history. After determining that his adjusted offense level was 37, and that his criminal history category was VI, the court sentenced Mellerson to life imprisonment, which was within his sentencing range of 360 months to life. Mellerson appealed.

## II. DISCUSSION

We review the district court's application of the sentencing guidelines de novo. *See United States v. Barakat,* 130 F.3d 1448, 1452 (11th Cir.1997); *United States v. Lewis,* 115 F.3d 1531, 1536 (11th Cir.1997). We accept the district court's findings of fact related to sentencing unless they are clearly erroneous, *see Barakat,* 130 F.3d at 1452, and we review departures from the Sentencing Guidelines under the abuse of discretion standard, *see Koon v. United States,* 518 U.S. 81, 96-100, 116 S.Ct. 2035, 2046-47, 135 L.Ed.2d 392 (1996).

### A.

Mellerson's first sentencing argument, that the district court abused its discretion by departing upward because of his criminal history, is foreclosed by our decision in *United States v. Santos,* 93 F.3d 761, 763 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1437, 137 L.Ed.2d 544 (1997). In that case, we upheld a district court's two-level upward departure where the defendant's 21 criminal history points "far exceeded the [thirteen] points needed for a Criminal History Category VI" determination. *See id.* We see no basis to distinguish *Santos* from this case

in which the district court gave Mellerson a three-level upward departure because he had 40 criminal history points. As the district court said:

> [Mellerson] has proved over time that he is incorrigible. He had 26 arrests during three years as a juvenile, and even after all of his convictions for firearms, he had three firearms for which he was prosecuted in this case.
>
> He was on parole at the time from a previous firearms conviction at the time this was committed. He was in a stolen auto when this offense was committed.
>
> While he's been in jail, he possessed a steel shank which is a dangerous weapon. He has committed residential burglaries where the people, the victims, were in the homes. This Court considers that to be a crime of violence, [a violation of] the homes of individuals.
>
> It just appears that you're incorrigible, Mr. Mellerson.... This man has 27 points more than the 13 necessary for a category of VI. That would give him .... a criminal history category of 15, if there were such a thing under the guidelines. There is not.

We find no abuse of discretion in the district court's departure where Mellerson's criminal history points nearly double those of the defendant in *Santos* (and triples the number necessary for a Criminal History Category VI).

B.

The PSI reported that state law charges had been filed against Mellerson for aggravated assault and armed burglary in connection with the circumstances surrounding his firearms possession. The PSI determined that those crimes were crimes of violence committed in relation to Mellerson's firearm possession and therefore that his base offense level should be set at 34 under § 4B1.4(b)(3)(A) of the guidelines, part of the ACC provisions. Although not contesting that he committed the aggravated assault and armed burglary and that those were crimes of violence, Mellerson objected to the determination that the § 4B1.4(b)(3)(A) provision applied. He argued that because he had not been convicted of those charges they should not be considered in sentencing him. Instead, under his view the base offense level should be set at 33 pursuant to § 4B1.4(b)(3)(B), which covers firearms possession not involving a crime of violence. The district court rejected that

argument, found Mellerson was involved in a crime of violence while he possessed the firearms, and set his base offense level at 34.

Whether or not a person must actually be convicted of a crime of violence to warrant the base offense level set by § 4B1.4(b)(3)(A) is a question of first impression in this Circuit. However, in *United States v. Rutledge,* 33 F.3d 671, 673-74 (6th Cir.1994), and *United States v. Gary,* 74 F.3d 304, 316 (1st Cir.1996), the Sixth and First Circuits both held that as long as the government proves by a preponderance of the evidence that a crime of violence was committed in connection with the firearms possession, § 4B1.4(b)(3)(A) applies regardless of whether the connected crimes led to a conviction. We agree.

Section 4B1.4(b)(3)(A) states that 34 is the proper offense level "if the defendant used or possessed the firearm ... in connection with a crime of violence." The language includes no mention of a conviction. By contrast, the language of § 4B1.1, the section that defines a career offender, specifically requires that a defendant have "at least two prior felony *convictions* of either a crime of violence or a controlled substance offense." (emphasis added). The difference between the two sections indicates that the Sentencing Commission knew how to make a conviction the prerequisite for application of a provision. *See Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983)("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion."); *see also Field v. Mans,* 516 U.S. 59, 67-75, 116 S.Ct. 437, 442-46, 133 L.Ed.2d 351 (1995)(discussing the "negative pregnant" rule of statutory construction, that the inclusion of a term in one section of a statute implies its intentional exclusion from another section). That is the same reasoning the Sixth Circuit used. *See Rutledge,* 33 F.3d at 674. Therefore, we hold that § 4B1.4(b)(3)(A) applies even if the defendant was not

actually convicted of the crime of violence in connection with which he possessed the firearm. Instead, the government need only prove that a crime of violence was committed in connection with the firearm possession, and that proof can be by a preponderance of the evidence. *See, e.g., United States v. Shenberg,* 89 F.3d 1461, 1476 (11th Cir.1996)(holding that the government must prove the facts used in sentencing by a preponderance of the evidence). In this case, the government met its burden. As the district court found from the evidence it heard at trial: "he was involved in a crime of violence, he threatened his wife, he abducted his child, he was in possession of a stolen automobile when he fired shots in the neighborhood." That being so, the district court appropriately used § 4B1.4(b)(3)(A) to set the base offense level at 34.

III.

Mellerson's conviction and sentence are AFFIRMED.