UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

MELVIN DOUGLAS WILLIAMS,
　　　　　　*Defendant-Appellant.*

No. 00-4232

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-99-146)

Submitted: December 29, 2000

Decided: January 24, 2001

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Byron L. Warnken, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, James M. Webster III, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Melvin Williams was convicted of being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(West 2000) and sentenced to 262 months incarceration. Williams appeals both his conviction and his sentence. The conviction is challenged on the ground that a jury view of the scene of the offense violated Williams' Fifth Amendment right to a fair trial and his Sixth Amendment rights to confrontation, effective assistance of counsel and presumption of innocence. Concluding that the district court committed no reversible error in permitting the jury to view the scene without requiring the presence of the defendant, *see Snyder v. Massachusetts*, 291 U.S. 97, 108, 121 (1934), *overruled on other grounds*, *Malloy v. Hogan*, 378 U.S. 1 (1964), and that no aspect of the manner in which the jury view was conducted prejudiced Williams, *see Arnold v. Evatt*, 113 F.3d 1352, 1361 (4th Cir. 1997), we affirm Williams' conviction.

Williams' sentence was properly enhanced under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2000) upon a finding by the district court at the sentencing hearing that he obstructed justice by offering perjured testimony at his first trial. *See United States v. Dunnigan*, 507 U.S. 87, 95-96 (1993). The sentence was also properly enhanced under § 4B1.4(b)(3)(A) for use of a firearm in a crime of violence for which he was not convicted. *See United States v. Mellerson*, 145 F.3d 1255, 1257 (11th Cir. 1998); *United States v. Rutledge*, 33 F.3d 671, 673 (6th Cir. 1994). Williams' reliance on *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), to challenge these enhancements is misplaced because the enhancements did not increase Williams' sentence beyond the applicable statutory maximum. *United States v. Kinter*, No. 99-4621, slip opinion at 14-16 (4th Cir. Dec. 19, 2000) (published).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

*AFFIRMED*