NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0766n.06
Filed: October 30, 2007

No. 06-5978

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| SIDNEY HOLLOWAY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    KEITH, GRIFFIN, Circuit Judges; and VAN TATENHOVE, District Judge[*]

DAMON J. KEITH, **Circuit Judge**.  Defendant-Appellant Sidney Holloway ("Holloway")

pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and

possession of a short-barreled shotgun, in violation of 26 U.S.C. 5861(c).  Holloway was sentenced

to 71 months of imprisonment to run consecutively to any state or federal sentence.  Holloway timely

appealed, and this Court affirmed his conviction but remanded the case for resentencing in light of

*United States v. Booker*, 543 U.S. 220 (2005).  On remand, the district court affirmed its pervious

sentence.  Holloway now appeals his sentence,  arguing that district court failed to properly consider

the factors listed in 18 U.S.C. § 3553(a), improperly ran his sentence consecutively to his state court

sentence, and improperly calculated his criminal history category.  For the reasons that follow, we

---

[*]The Honorable Gregory F. Van Tatenhove, United States District Court for the Eastern
District of Kentucky, sitting by designation

**AFFIRM**.

## I. BACKGROUND

The facts relating to Holloway's conduct, in large part, were retrieved from the plea agreement. On August 18, 2002, Holloway fell asleep at a red light while driving his car. An officer approached and observed Holloway sleeping with his foot on the brakes. The officer woke Holloway, and when asked, Holloway admitted he had drank five to six beers. Holloway's disorientation and slurred speech confirmed his admission. Thereafter, the officer determined that Holloway's license was suspended for a DUI. Holloway was placed under arrest, and a search of his person produced a prescription bottle (with the label torn off) with several unknown pills and 3.7 grams of marijuana. A further search of his vehicle revealed an unregistered, loaded New England Arms sawed-off 12 gauge shotgun between the driver's seat and the driver's door. The officer also found a green bag of rolling paper, digital scales, binoculars, a scanner, a list of police codes and frequencies, and $300 cash. A later search of Holloway (after he arrived at the jail) also uncovered a clear container hidden in his pant's pocket which contained 1.7 grams of methamphetamine.

As a result of this incident, Holloway pled guilty in state court to: 1) driving on a revoked license; 2) possession of a controlled substance for resale; 3) possession of marijuana for resale; 4) carrying a prohibited weapon; and 5) driving under the influence. He was given probation. On November 1, 2002, "an affidavit for violation of probation" was issued for Holloway because he failed to comply with the terms of his probation. On November 12, 2002, officers executed an arrest warrant for Holloway. He was found asleep at the premises of Gina Sullivan and was arrested. During a search incident to arrest, officers found a loaded sawed-off 12 gauge shotgun under the

mattress where Holloway was lying.[1]  On November 22, 2002, Holloway's probation was revoked, and according to the Government, the state court sentenced Holloway to nine months for each of the five offenses to run concurrently.

On January 15, 2003, a six-count indictment was filed in the Eastern District of Tennessee, charging Holloway with crimes related to the August 18 and November 12, 2002 incidents.  Count one charged him with possession with the intent to distribute methamphetamine on August 18, 2002, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C).  Count two charged him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Count three charged Holloway with being a felon in possession of a firearm on August 18, 2002, in violation of 18 U.S.C. § 922(g)(1).  Count four charged him with possessing a short-barreled shotgun on August 18, 2002, in violation of 26 U.S.C. § 5861(c).  Count 5 charged him with being a felon in possession of a firearm on November 12, 2002, in violation of 18 U.S.C. § 922(g)(1), and count six charged him with possessing a short-barreled shotgun on November 12, 2002, in violation of 26 U.S.C. § 5861(c).

On April 3, 2003, Holloway pled guilty to counts three and four.  In the PSR, it was agreed that Holloway's base offense level would be 20.  Holloway then received a four-level increase under U.S.S.G. § 2K2.1(b)(5) because he possessed a sawed-off-shotgun in connection with possessing methamphetamine and being a convicted felon prohibited from possessing firearms.  He also received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 21.  The PRS also calculated Holloway's criminal history points, under U.S.S.G. § 4A1.1, to be

---

[1]The Pre-Sentence Report ("PSR") also indicates that Holloway was arrested on November 18, 2002.  The record, however, is unclear as to whether this was a different arrest from the November 12, 2002 arrest.

eight. Four of these points were based on Holloway's prior misdemeanor convictions under U.S.S.G. § 4A1.1(c), two points were based on Holloway's concurrent nine-month state sentence following the revocation of his probation under U.S.S.G. § 4A1.1(b), and two points were added since Holloway was on probation at the time of the instant offense under U.S.S.G. § 4A1.1(d). A total of eight criminal history points resulted in a criminal history category of IV. Accordingly, the then-mandatory Guidelines called for a sentence range of 57 to 71 months. Furthermore, because Holloway was serving a term of imprisonment due to the revocation of his probation, the PSR noted, pursuant to U.S.S.G. § 5G1.3, that the sentence imposed should be served consecutively to the current term of imprisonment.

On November 7, 2003, a sentencing hearing was held. During the hearing, Holloway objected to the PSR's calculation of his criminal history points. Holloway contended that the two points based on his nine-month state sentence following his probation revocation should not be added because the judgment was ambiguous, making it impossible to determine whether the nine-month sentence had been imposed for *each* of the five cases to run concurrently (as the Government argues), or whether each case had a difference sentence, with the *total* of the sentences equaling nine months. Because of this purported ambiguity in the judgment, Holloway claimed that it could not be determined which conviction carried what sentence, and more importantly, which sentence was "60 days or more" for the purposes of calculating criminal history points under U.S.S.G. § 4A1.1(b).[2]

---

[2]In calculating a defendant's criminal history points, U.S.S.G. § 4A1.1(b) provides for the addition of two points for each prior sentence of imprisonment of at least sixty days not counted in U.S.S.G. § 4A1.1(a). § 4A1.1(a) calls for the addition of three points for each prior sentence of imprisonment exceeding one year and one month.

In response, the Government stated that it consulted with the probation office in McMinn County (where the judgment was entered) and they confirmed that Holloway was sentenced to nine-months on each charge to run concurrently. After some consideration, the district court denied Holloway's objection, finding that the PSR accurately reflected Holloway's criminal history.

The district court, pursuant to the then-mandatory Guidelines, sentenced Holloway to the high end of the Guidelines—71 months of imprisonment to run consecutive to any state or federal sentence. Holloway filed a timely appeal. On August 9, 2005, this Court affirmed his conviction, but vacated and remanded the case for resentencing in light of *Booker*. On December 15, 2005, the district court held a resentencing hearing. During the hearing, Holloway renewed his objection to the calculation of his criminal history score. Holloway also argued that after considering *Booker* and the 18 U.S.C. § 3553(a) factors, his sentence should be reduced to 47 months. The district court, noting that it considered all of the factors stated in § 3553(a), reimposed its original sentence, sentencing Holloway to 71 months of imprisonment to run consecutive to any other state or federal sentence. On that same day, Holloway filed a timely notice of appeal.

## II. ANALYSIS

On appeal, Holloway argues that the district court: 1) failed to consider the provisions of 18 U.S.C. § 3553(a), and thus his sentence is unreasonable; 2) improperly ran his sentence in the instant case consecutive to his state court sentence; and 3) improperly calculated his criminal history category.[3] We will consider each of Holloway's arguments in turn.

---

[3]In his brief, Holloway also suggests that he was punished twice for the same conduct in federal and state proceedings. This argument lacks merit as the charges he pled guilty to in the instant case are clearly different from the charges he pled to and was convicted of in state court.

### A. Consideration of the factors listed in 18 U.S.C. § 3553(a)

Holloway argues that the district court's sentence of 71 months of imprisonment is unreasonable. In particular, Holloway contends that the district court should have sentenced him to 47 months due to the mitigating factors he put forth, and because the district court disagreed and instead imposed a 71 month sentence, the district court failed to consider the § 3553(a) factors. Holloway's argument is unpersuasive.

"Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task." *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006) (quotation marks omitted); *see also United States v. Wilms*, — F.3d —, 2007 WL 2077367, at *2 (6th Cir. July 23, 2007) ("On appeal, we must determine whether a district court's sentencing determination was reasonable." (citing *Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 2459 (2007) )). Therefore, "[o]nce a district court has settled on a sentence that it deems to be reasonable, it then becomes [our] duty to review that sentence to ensure its reasonableness with an eye toward those same § 3553(a)[4]

---

[4]In pertinent part, 18 U.S.C. § 3553(a) states that:
> the court, in determining the particular sentence to be imposed, shall consider; (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2)(A) - (D) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established . . . ; (5) any pertinent policy statement . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

factors." *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005).

In reviewing challenges to a sentence, "we have distinguished between the procedural and substantive reasonableness of sentences." *United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006). "A sentence may be procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Collington*, 461 F.3d at 808 (internal quotation marks omitted). On the other hand, "[a] sentence may be considered substantively unreasonable when the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005) (first alteration not in original). Furthermore, a sentence within the guideline range is presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *see also United States v. Liou*, — F.3d —, 2007 WL 2066854, at *3 (6th Cir. July 20, 2007) ("In *Rita*, the Supreme Court held that 'the law permits the courts of appeals to use th[e] presumption' of reasonableness when addressing within-Guidelines sentences." (quoting *Rita*, 127 S.Ct. at 2459)). Nonetheless, "[t]his rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). "This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable." *Id.*

Here, the district court properly considered the applicable Guidelines. The district court noted that Holloway's advisory Guideline range was 57 to 71 months. Holloway was sentenced to 71 months, the upper end of the advisory range. Before rendering this sentence, the district court stated its reasons. The district court referenced Holloway's criminal history, noting that his "presentence report shows page after page after page of criminal convictions." (JA at 77). The district court went on to discuss how incarceration has served as an adequate deterrence for Holloway. The district court explained, "from what you said and what Mr. Durpree [Holloway's counsel] says, that [incarceration] apparently was having the correct effect on you, that you have seen the error of your past life and you are making some effort to rectify that and lead a law-abiding and upstanding life in the future. I think since the purpose of incarceration has been well served in your case, it would be a mistake for this Court to do anything to change the sentence that was imposed initially." *Id*.

After considering Holloway's background, the nature of the offense, and "all the factors stated in Section 3553," the district court "impos[ed] the original [71 month] sentence in all respects." *Id*. Having reviewed this record, and because "[t]here is no requirement that the district court . . . engage in a ritualistic incantation of the § 3553(a) factors it considers," *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir.2005) (citation omitted) (alterations in original), we cannot say that the district court failed to consider the § 3553(a) factors. Holloway's sentence is not unreasonable.[5]

---

[5]Holloway also suggests that because the district court imposed a 71 month sentence pre-*Booker*, receiving the same sentence post-*Booker* amounts to a greater sentence because the guidelines are now advisory and consideration of § 3553(a) would result in a lower sentence.

## B. Consecutive Sentence

Holloway argues that the district court improperly ran his sentence in the instant case consecutively to his state sentence. Besides his assertion, Holloway's provides no legal support for his contention.

We review a district court's decision to impose a sentence to run consecutively under U.S.S.G. § 5G1.3 for abuse of discretion. *United States v. Campbell*, 309 F.3d 928, 930 (6th Cir. 2002). This Court has held that "[a] district court has the discretion to impose consecutive or concurrent sentences pursuant to § 5G1.3, upon consideration of the factors listed in 18 U.S.C. § 3553(a) and the applicable guidelines and policy statements in effect at the time of sentencing." *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997). Under § 5G1.3, "[i]n . . . case[s] involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c).[6]

---

This argument is unpersuasive for the same reasons we find Holloway's sentence not unreasonable.

[6] § 5G1.3(a) provides for a consecutive sentence where the "instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment . . . ." This provision is not applicable in this matter because Holloway was not serving a term of imprisonment at the time of the instant offense. Also, § 5G1.3(b) provides for a concurrent sentence if the "term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense . . . ." Similar to § 5G1.3(a), § 5G1.3(b) is not applicable to Holloway because his undischarged term of imprisonment extends from his prior convictions in state court, and they were not predicate convictions for increasing his offense level in the instant case.

Here, it is undisputed that Holloway's prior state convictions (resulting from the August 18, 2002 incident) were not predicates for increasing his offense level in the instant case, or that he was subject to an undischarged term of imprisonment at the time of sentencing. Accordingly, and as concluded above, the record shows that before imposing Holloway's sentence to run consecutively with his state court sentence, the district court considered, while not explicitly mentioning, the factors listed in § 3553(a). *See supra* Part A. The district court reviewed the presentence report, in addition to considering Holloway's background, his criminal history, the nature of the offense, and the need to afford adequate deterrence for criminal conduct. Because the district court adequately considered the factors listed in § 3553(a), in addition to reading the PSR, which sets forth the commentary of the Sentencing Guidelines, *see Covert*, 117 F.3d at 946, we do not find an abuse of discretion.

### C. Calculation of Holloway's Criminal History Category

Holloway argues that the district court improperly determined his criminal history category to be IV instead of III. The PSR calculated Holloway's criminal history points to be eight, a criminal history category of IV. Holloway only objects to two out of the eight points, claiming that the state judgment (listing his prior state convictions for his probation revocation) was ambiguous and did not clearly state the period of imprisonment he received for each conviction. Specifically, Holloway argues that in the state judgment, "he [was] ordered to serve nine months[,]" (J.A. at 121), but he claims it is impossible to determine whether he received a sentence over 60 days for any one particular state conviction to warrant the assessment of two criminal history points under U.S.S.G. § 4A1.1(b).

We review a district court's findings of fact for purposes of its sentencing guidelines calculations for clear error, and its interpretation of the guidelines *de novo*. *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006). "All such findings of fact that are crucial to a determination of a defendant's base offense level and criminal history category must be based upon a preponderance of the evidence." *United States v. Russell*, 156 F.3d 687, 690 (6th Cir. 1998). The government need not prove the facts beyond a reasonable doubt. *United States v. Rutledge*, 33 F.3d 671, 673 (6th Cir.1994). As the reviewing Court, we must "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). Thus, the district court's findings of fact may be disturbed only if they are clearly erroneous—"a decision [that] strike[s] us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old unrefrigerated dead fish." *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990) (alterations in original). Furthermore, we find clear error when "'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Russell*, 156 F.3d at 690 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 365 (1948)).

Here, we are unmoved by Holloway's argument in light of the PSR and the probation officer's second addendum, which indicated that after consulting with the McMinn County Misdemeanor Probation Office (the jurisdiction where the state judgment was entered), Holloway's nine-month sentence applied to each conviction listed on the judgment, with each sentence to run concurrently. The Government presented this evidence to the district court during the initial sentencing and the resentencing hearing. While Holloway argues that the state judgment is

ambiguous, he has failed to provide us with any evidence that leaves us with a "definite and firm conviction" that the district court erred by assessing Holloway's two points under U.S.S.G. § 4A1.1(b). *See Russell*, 156 F.3d at 690. Accordingly, the district court did not commit clear error.

## III.  CONCLUSION

For the aforementioned reasons, we **AFFIRM** the district court's sentence.