[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11733
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cr-00034-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KRISTOPHER BERNARD BRADLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 20, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Kristopher Bernard Bradley appeals his 200-month sentence, imposed

pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after

pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  For the first time on appeal, Bradley raises three arguments.  First, he argues that the district court erred in finding that his 2004 Georgia conviction for possession with intent to distribute marijuana was a predicate felony for an ACCA enhancement, because there were no facts showing that Bradley intended to sell or distribute the marijuana in his possession.  Second, he argues that the district court erred in determining his base offense level and criminal history category based on a finding that he possessed guns "in connection with a drug offense," as defined in U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2), because the evidence was insufficient to show that the drugs found at his residence were for distribution.  Third, he contends that his constitutional rights were violated because the allegation that he possessed two guns "in connection with a drug offense" under § 4B1.4 was never proven beyond a reasonable doubt to a jury, as required by *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151, 2158 (2013).

## I.    The ACCA Enhancement

Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error.  *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).  The plain error standard requires the defendant to show "(1) error, (2) that is plain, (3) that affects substantial rights,[ and (4)] that seriously

2

affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).

Under the ACCA, a defendant is subject to a 15-year statutory minimum sentence if he violated 18 U.S.C. § 922(g) and has three previous convictions for a violent felony, serious drug offense, or both, committed on different occasions. 18 U.S.C. § 924(e)(1). A "serious drug offense" includes "an offense under State law, involving . . . possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Georgia law criminalizes possession of marijuana with intent to distribute and sets a maximum term of imprisonment of ten years. O.C.G.A. § 16-13-30(j)(2). "In determining whether a particular offense is a serious drug offense under the ACCA, sentencing courts [generally] adopt a categorical approach, looking only to the statutory definition of the crime charged, rather than the actual facts of the . . . prior conviction." *United States v. James*, 430 F.3d 1150, 1154 (11th Cir. 2005). A district court may look to the facts underlying a prior conviction "where the judgment of conviction and statute are ambiguous, i.e., the determination whether a prior conviction is a qualifying offense from the face of the judgment itself is impossible." *United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1273 (11th Cir. 2006). "In addition, failure to object to allegations of fact in a [Presentence Investigation Report (PSI)] admits

3

those facts for sentencing purposes." *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

Here, Bradley did not object to the presentence investigation report's (PSI) finding that he was convicted in Georgia state court of possession with intent to distribute marijuana. Consequently, this means he admitted that fact for sentencing purposes. *Id.* His argument that no facts show he intended to sell or distribute marijuana is without merit because his 2004 drug conviction was not ambiguous in terms of whether it was an ACCA qualifying offense, so the district court could not look at the facts underlying the conviction. *Aguilar-Ortiz*, 450 F.3d at 1273. Although the Georgia statute is broader than the ACCA definition of "serious drug offense" as the Georgia statute prohibits both possession of marijuana *and* possession with intent to distribute marijuana, there is no dispute that Bradley was convicted specifically of "possession with intent to distribute marijuana." *See* O.C.G.A. § 16-13-30(j). Therefore, the district court did not err, plainly or otherwise, in concluding the conviction qualified as a "serious drug offense" under the ACCA. *James*, 430 F.3d at 1154; 18 U.S.C. § 924(e)(2)(A)(ii).

## II.    Possession of Guns "In Connection With" a Drug Offense

Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error. *Aguillard*, 217 F.3d at 1320. In reviewing the reasonableness of a sentence, we first ensure that the district court committed no

significant procedural error, meaning the district court, *inter alia*, properly calculated the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). A defendant is subject to the Sentencing Guidelines enhancements in § 4B1.4(b)(3)(A) (providing for a base offense level of 34) and (c)(2) (providing for a criminal history category of VI) if he possesses a firearm in connection with either a crime of violence or a "controlled substance offense," which the Guidelines define as "an offense . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

We have given expansive construction to § 4B1.4(b)(3)(A)'s phrase "in connection with" and rejected the holding of other circuits that the "in connection with" language is only satisfied where the gun serves a purpose related to the crime. *United States v. Young,* 115 F.3d 834, 838 (11th Cir. 1997) (per curiam). We have found the application of the § 4B1.4(b)(3)(A) provision appropriate where a defendant was arrested while simultaneously possessing heroin and a gun, because "the presence of the gun potentially emboldened [the defendant] to undertake illicit drug sales." *United States v. Gainey*, 111 F.3d 834, 837 (11th Cir. 1997).

5

We have also held that § 4B1.4(b)(3)(A) can apply in the case of a crime of violence committed in connection with a firearm possession regardless of whether the crime of violence led to a conviction. *United States v. Mellerson*, 145 F.3d 1255, 1257–58 (11th Cir. 1998) (per curiam). Section 4B1.4(b)(3)(A) applies as long as the government proves by a preponderance of the evidence that a crime of violence was committed in connection with the firearm possession. *Id.* We explained that:

> Section 4B1.4(b)(3)(A) states that 34 is the proper offense level "if the defendant used or possessed the firearm . . . in connection with a crime of violence." The language includes no mention of a conviction. By contrast, the language of § 4B1.1, the section that defines a career offender, specifically requires that a defendant have "at least two prior felony *convictions* of either a crime of violence or a controlled substance offense." (emphasis added). The difference between the two sections indicates that the Sentencing Commission knew how to make a conviction the prerequisite for application of a provision.

*Id.* at 1258. This is the same section providing that 34 is the proper offense level if the defendant used or possessed the firearm in connection with a controlled substance offense. U.S.S.G. § 4B1.4(b)(3)(A).

In light of our expansive interpretation of the phrase "in connection with," for purposes of determining whether a defendant possessed a gun in connection with a controlled substance offense, Bradley has not shown that the district court erred in that determination. His failure to object to the statement in the PSI that he "was distributing illegal drugs from his residence in Valdosta," admits that fact for

6

sentencing purposes. *Wade*, 458 F.3d at 1277. He also failed to object to the following PSI findings, thus admitting the facts for sentencing purposes: agents obtained a search warrant after a cooperating source made a controlled buy of crack cocaine from Bradley; agents found drug paraphernalia throughout Bradley's house, including digital scales and plastic baggies; agents found a steel screen door at the back of the home with the center section cut from it, a common practice of drug dealers; and, while the police were inventorying the house, two people called a cell phone found in the house and attempted to buy drugs. *See id.* The government proved by a preponderance of the evidence that Bradley possessed the guns in connection with a controlled substance offense, so § 4B1.4(b)(3)(A) applies even though he was not convicted of a controlled substance offense. *See Mellerson*, 145 F.3d at 1257–58. *Mellerson* specifically addressed § 4B1.4(b)(3)(A) in the context of the use or possession of a firearm in connection with a crime of violence. *Id.* However, it follows that the same reasoning applies to the possession of a firearm in connection with a controlled substance offense because the relevant Guidelines section applies to armed career criminals who possessed a firearm in connection with either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.4(b)(3)(A). Further, the district court did not err, plainly or otherwise, in concluding that Bradley possessed the guns in

connection with a controlled substance offense, even if the guns did not serve a purpose related to the controlled substance offense.  *See Young,* 115 F.3d at 838.

### III.    Allegation of Possessing Guns "In Connection With" a Drug Offense Never Submitted to Jury

We review sentencing objections based on *Alleyne v. United States* or its direct predecessors that were not preserved before the district court for plain error. *United States v. McKinley*, 732 F.3d 1291, 1295–96 (11th Cir. 2013) (per curiam). "[A]ny fact that increases the mandatory minimum [sentence for a crime] is an element [of the crime] that must be submitted to the jury." *Alleyne*, 570 U.S. at __, 133 S. Ct. at 2155.  However, the *Alleyne* holding "does not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at __, 133 S. Ct. at 2163.  The fact of prior convictions is not an "element" of the crime that must be submitted to the jury.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 226–27, 118 S. Ct. 1219, 1222 (1998).

The court's finding that Bradley possessed two guns in connection with a drug offense increased his Sentencing Guidelines range, not his mandatory minimum sentence.  U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2).  Therefore, it was not a finding that needed to be made by a jury.  *Alleyne*, 570 U.S. at __, 133 S. Ct. at 2163.  To the extent Bradley may be arguing that his 15-year minimum sentence under the ACCA is unconstitutional, that mandatory minimum sentence was based on his prior convictions and, therefore, did not need to be submitted to a jury.

8

*Almendarez-Torres*, 523 U.S. at 226–27, 118 S. Ct. at 1222.  Accordingly, the district court did not err, plainly or otherwise, in applying the ACCA 15-year minimum sentence to Bradley, even though the allegation that he possessed two guns "in connection with a drug offense" was never submitted to a jury.

**AFFIRMED.**