[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10478
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20230-FAM-1


UNITED STATES OF AMERICA,

                                                        Plaintiff - Appellee,

versus

CARLOS FERNANDEZ,

                                                        Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Fernandez appeals his 262-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) & 924(e). Mr. Fernandez argues that the district court erred when it enhanced his sentence under U.S.S.G. §§ 2K2.1(b)(6)(B) and 4B1.4(b)(3)(A).  The district court, says Mr. Fernandez, never found that he possessed a firearm "in connection with another felony offense," § 2K2.1(b)(6)(B), or "in connection with . . . a crime of violence," § 4B1.4(b)(3)(A), as required for these enhancements.  Mr. Fernandez also asserts that his Sixth Amendment rights were violated because his prior convictions, which were used to enhance his sentence, were not submitted to or found by the jury. After reviewing the record and the parties' briefs, we affirm.

## I

### A

On January 6, 2012, Mr. Fernandez – who had previously been convicted of several felonies – was working as the assistant manager of an adult entertainment club in Miami, Florida.  That night he grabbed a loaded .40 caliber pistol from the club manager's locked safe and fired shots outside the club. Mr. Fernandez grabbed the pistol after a violent altercation took place outside the club (a group of men had attempted to enter without paying the entrance and parking fees). Video taken during the incident showed Mr. Fernandez firing the gun, and bullet casings

2

from the club parking lot matched the manager's .40 caliber gun. A grand jury charged Mr. Fernandez with being a felon in possession of a firearm.

At trial, Mr. Fernandez maintained that he acted in self-defense. The district court instructed the jury that if it found beyond a reasonable doubt that "[Mr. Fernandez] committed the acts charged in the indictment, . . . [it] must then consider whether [Mr. Fernandez] should nevertheless be found 'not guilty' because his actions were justified by duress or coercion" by "a preponderance of the evidence." The jury did not find that Mr. Fernandez acted in self-defense, and returned a guilty verdict on the felon in possession charge.

**B**

As noted, Mr. Fernandez had several prior felony convictions. He was convicted of aggravated battery in 1992, aggravated battery of a police officer in 1996, and battery on a law enforcement officer in 1997.

The presentence investigation report set the initial base offense level at 24, pursuant to U.S.S.G. § 2K2.1(a)(2), because Mr. Fernandez had been convicted of being a felon in possession of a firearm and had at least two prior felony convictions for crimes of violence. The report also recommended an additional four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because Mr. Fernandez possessed the firearm "in connection with another felony offense."

3

The report further recommended that Mr. Fernandez be designated as an armed career criminal pursuant to 18 U.S.C. § 924(e), which subjects a defendant convicted of violating § 922(g) to an enhanced sentence if he has at least three prior convictions for a violent felony. As an armed career criminal, Mr. Fernandez's offense level under the advisory Sentencing Guidelines would rise to 34 if he used or possessed the firearm in question in connection with a "crime of violence." *See* U.S.S.G. §4B1.4(b)(3)(A) ("The offense level for an armed career criminal is . . . 34, if the defendant used or possessed the firearm or ammunition in connection with . . . a crime of violence.").

Mr. Fernandez objected to being designated an armed career criminal (because his prior convictions had not been submitted to or found by the jury) and to the proposed enhancements under the Sentencing Guidelines. He argued (1) that he was only charged with, and convicted of, possession of a firearm, (2) that the government had failed to prove at trial that he had committed any other offense, and (3) that the government had failed to prove that his discharge of the firearm was not in self-defense.

The district court, at the sentencing hearing, asked the government to identify the "crime of violence" Mr. Fernandez had committed. The government explained that Mr. Fernandez's discharge of the firearm could be aggravated battery or attempted murder (two of the charges which had been lodged against

4

Mr. Fernandez in state court). The district court agreed with the government. Although it did not state specifically whether the discharge of the firearm constituted aggravated assault or attempted murder, the district court found that Mr. Fernandez had fired his weapon into the parking lot, and that the shooting "definitely [was] a crime," and overruled Mr. Fernandez's objection to the application of the §4B1.4(b)(3)(A) enhancement.[1] The district court also rejected Mr. Fernandez's argument that the prior felony convictions could not be considered for enhancement purposes because they had not been found by the jury, as that argument was foreclosed by Supreme Court precedent.

## II

On appeal, Mr. Fernandez argues that the district court failed to make an independent factual finding, by a preponderance of the evidence, that he had committed a crime of violence, see U.S.S.G. §4B1.4(b)(3)(A), because it failed to specifically identify the crime he supposedly committed and wrongly stated that whether the shooting was justified as self-defense was an issue for the jury to decide.[2]  He also contends that enhancing his sentence based on prior convictions not submitted to or found by the jury violated his Sixth Amendment rights.

---

[1] As the district court put it: "I have overruled the objections for the reasons stated and also the enhancement due to a crime of violence because there was a shooting."

[2] Mr. Fernandez also raises the same argument as to the four-level enhancement under § 2K2.1(b)(6)(B) for possession of the firearm in connection with another felony offense.  As this

5

We review a district court's factual findings at sentencing for clear error and the application of the Sentencing Guidelines to the facts *de novo*. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012). "[W]e will not find clear error unless our review of the record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. Poirier*, 321 F.3d 1024, 1035-36 (11th Cir. 2003) (quoting *Coggin v. Commissioner*, 71 F.3d 855, 860 (11th Cir. 1996)).

To support an armed career criminal enhancement under §4B1.4(b)(3)(A), the district court must find by a preponderance of the evidence that the defendant used or possessed a firearm "in connection with . . . a crime of violence." *See United States v. Mellerson*, 145 F.3d 1255, 1258 (11th Cir. 1998). A "crime of violence" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use [or] attempted use . . . of physical force against the person of another . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). We have held that § 4B1.4(b)(3)(A) can apply regardless of whether or not the crime of violence committed in connection with possession of the firearm led to the defendant's conviction. *See Mellerson*, 145 F.3d at 1257-58.

---

enhancement does not affect Mr. Fernandez's ultimate guideline range or sentence, we do not address it.

6

Here, the district court expressly found that Mr. Fernandez's act of shooting the firearm into the club parking lot constituted a crime, and based on the evidence, that finding was not clearly erroneous. Although the district court did not specify whether the crime was attempted murder or aggravated assault, that is of no moment, for both offenses are crimes of violence. Aggravated assault is listed as a crime of violence in the relevant commentary, *see* § 4B1.2(a), comment. (n.1), and attempted murder involves the threatened use of physical force against another and/or presents a serious potential risk of physical injury to another, *see* § 4B1.2(a)-(b). It therefore made no difference whether the district court found the crime of violence was attempted murder or aggravated assault. Under the circumstances, no more specific finding was required, and we do not find any reversible error.

We also reject the suggestion that the district court erred by relying on or adopting the jury's finding that Mr. Fernandez's actions were not justified by self-defense. Given the preponderance of the evidence standard that the jury was told to apply, the district court had ample basis for agreeing with the jury's finding. The record, moreover, supports that finding. First, there was a marked period of time between when Mr. Fernandez retreated to safety, grabbed the firearm, walked back outside, and began firing into the crowd. Second, the video of the incident

7

suggested Mr. Fernandez was the first to fire his weapon; witnesses could not recall hearing gunfire before Mr. Fernandez discharged his firearm.

Mr. Fernandez's last argument – that his sentence was unconstitutionally enhanced by prior convictions that were not submitted to or found by the jury – is foreclosed by binding precedent. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *United States v. Beckles*, 565 F.3d 832, 846 (11th Cir. 2009).

## III

We affirm Mr. Fernandez's sentence.

**AFFIRMED.**

8