PER CURIAM.
Writ granted. The district court’s judgment granting relator post-conviction relief is vacated and relator’s conviction and sentence are reinstated. All three witnesses positively identified relator from a photographic lineup and at trial as the man they saw after the gunshot that claimed the victim’s life was fired. Against this backdrop, and given the overall consistency of the witnesses’ statements and trial testimony, the slight inaccuracies in the witnesses’ description of relator’s physical characteristics, and the omission of some narrative details offered by their trial testimony from their prior statements to the police, do not rise to a level of materiality warranting reversal under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny. See, e.g., State v. Marshall, 81-3115, p. 16 (La.9/5/95), 660 So.2d 819 (“Evidence is material [and reversal warranted] only if it is reasonably probable that the result of the proceeding would have been different had the evidence been disclosed to the defense. A reasonable probability is one which is sufficient to undermine confidence in the outcome.”).
CALOGERO, C.J., dissents.