*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0327p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 06-5398

WILLIAM LAVELLE BURNS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 03-00200—Robert L. Echols, District Judge.

Argued: April 17, 2007

Decided and Filed: August 16, 2007

Before: ROGERS and COOK, Circuit Judges; and O'MALLEY, District Judge.[*]

_____

**COUNSEL**

_____

**ARGUED:** Sumter L. Camp, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Philip H. Wehby, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Sumter L. Camp, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Philip H. Wehby, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

COOK, Circuit Judge. William Lavelle Burns pleaded guilty to being a felon in possession of a firearm. Burns challenges the district court's application of a sentence enhancement, as well as the reasonableness of his sentence. We affirm.

I

Following a controlled buy of crack cocaine, Nashville police officers executing a valid search warrant at Burns's residence found many inculpatory items: in Burns's bedroom, they found an unloaded .45 caliber pistol, seven bullets, over 16.5 grams of crack cocaine and 7.6 grams of

---

[*] The Honorable Kathleen McDonald O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

1

powder cocaine, two bags of marijuana, and three walkie-talkies; in the living room and second bedroom, they found a bag of marijuana, three marijuana blunts, two crack pipes, and a dollar bill with white residue. They also discovered a loaded .380 caliber pistol in Burns's waistband and $1,100 cash in his pocket.

Burns pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1), 924. The district court calculated Burns's base-offense level at 24, U.S.S.G. § 2K2.1(a)(2), enhanced his offense level by four for possessing a firearm in connection with another felony, *id.* § 2K2.1(b)(6),[1] and subtracted three levels for acceptance of responsibility, *id.* § 3E1.1(a) and (b). With an offense level of 25 and a criminal history category of VI, the Guidelines recommended 110 to 137 months of imprisonment. The district court then adjusted the range to reflect the ten-year statutory maximum, 18 U.S.C. § 924(a)(2), resulting in a final range of 110 to 120 months. The court sentenced Burns to 115 months in prison followed by three years of supervised release.

II

A. Section 2K2.1(b)(6) Enhancement

We accept the district court's factual findings unless clearly erroneous, *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005), and review de novo a district court's legal conclusions concerning the interpretation and application of the Guidelines, *United States v. Anthony*, 280 F.3d 694, 698 (6th Cir. 2002). Section 2K2.1(b)(6) instructs the court to increase a defendant's offense level by four "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." For this section to apply, the government must establish, by a preponderance of the evidence, *see United States v. Gates*, 461 F.3d 703, 707-08 (6th Cir. 2006); *United States v. Hardin*, 248 F.3d 489, 495 (6th Cir. 2001), a nexus between the firearm and an independent felony[2]—in this case, possession with intent to distribute cocaine, *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001).

The district court properly applied the enhancement. Burns correctly points out that "mere[] . . . proof that narcotics and firearms were present in the same residence, or even in the same room," does not necessarily support the § 2K2.1 enhancement. *Hardin*, 248 F.3d at 495-96. The nexus can, however, be established under our "fortress theory," "which applies where a defendant has used [or possessed] a firearm to protect the drugs, facilitate a drug transaction, or embolden himself while participating in felonious conduct." *United States v. Huffman*, 461 F.3d 777, 788 (6th Cir. 2006); *see also United States v. Burke*, 345 F.3d 416, 427 (6th Cir. 2003); *Ennenga*, 263 F.3d at 503; *United States v. Covert*, 117 F.3d 940, 946-49 (6th Cir. 1997). In this case, police found the firearm in close proximity to drugs and drug paraphernalia shortly after conducting a controlled buy at the residence. Burns had ready access to the gun when police apprehended him. These facts suffice to support the enhancement. *See, e.g.*, *Hardin*, 248 F.3d at 498-99 ("The fact that the firearm was found in the same room where the cocaine was stored can lead to a justifiable conclusion that the gun was used in connection with the felony."); *James v. United States*, 217 F. App'x 431, 438-39 (6th Cir. 2007) (enhancement applicable when police found firearm and marijuana next to each other under defendant's car seat); *cf. Burke*, 345 F.3d at 428. It is widely acknowledged that drug sales are a dangerous activity frequently involving guns, *Burke*, 345 F.3d at 428; *Hardin*, 248 F.3d at 499 ("[G]uns are 'tools of the trade' in drug transactions." (collecting cases)), and we are satisfied that Burns's possession of the pistol was not "the result of accident or coincidence," but rather had the

---

[1] In November 2006, U.S.S.G. § 2K2.1 was amended so that former subsection (b)(5)—cited by the district court and both parties—is now subsection (b)(6).

[2] The independent felony need not be charged. *See United States v. Watts*, 519 U.S. 148, 157 (1997); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000).

potential of protecting the drugs, facilitating the sales, and emboldening Burns while participating, *Huffman*, 461 F.3d at 788; *Hardin*, 248 F.3d at 497-99. We agree with the district court that "[i]t's not reasonable to suggest that he was possessing a loaded .380 caliber pistol in his pocket, to simply smoke marijuana with his friends."

Burns presses the insufficiency of the evidence of drug dealing but we see the evidence as ample to support the enhancement. In Burns's bedroom alone, officers found distribution quantities of crack and powder cocaine, bags of marijuana, the pistol with seven rounds, and the walkie-talkies. Plus Burns had $1,100 in his pocket, yet earned only $7.25 per hour as a stockroom worker. Because these circumstances evince by a preponderance of the evidence drug dealing rather than recreational use, *see United States v. Paige*, 470 F.3d 603, 607-10 (6th Cir. 2006) (presence of walkie-talkies along with more than 50 grams of cocaine indicative of distribution), the district court did not err by applying the § 2K2.1(b)(6) enhancement grounded on Burns's involvement in another felony offense.

## B. Reasonableness of the Sentence

Burns next challenges the 115-month sentence as unreasonable, in particular, because his criminal record and conduct do not warrant such an extensive sentence, and because the Guidelines formulation deprived him of proper credit for his acceptance of responsibility.

A district court's "mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)." *United States v. Davis*, 458 F.3d 505, 509-10 (6th Cir. 2006) (quoting 18 U.S.C. § 3553(a)). We presume a within-Guidelines sentence reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 127 S. Ct. at 2468. We find the district court's sentence adequately reflects the considerations listed in § 3553(a)(2).

The court considered Burns's situation and made a careful determination based on several factors. Although Burns minimizes his criminal record as of the "nickel-and-dime" variety to press the excessiveness of his sentence, the court focused on the repetitive nature of Burns's conduct and his apparent inability to "learn from his mistakes." His record includes seventeen drivers-license-related convictions, one misdemeanor drug possession conviction, three felony drug convictions involving cocaine, and a host of other offenses including theft, trespassing, criminal impersonation, resisting arrest with a weapon, evading arrest, and a state court conviction for possession of a handgun by a felon. Given this lengthy record—and acknowledging the number of less serious convictions—"it was reasonable for the district court to place substantial weight on [his] criminal history in reaching its sentencing determination." *Webb*, 403 F.3d at 384. Moreover, the court assessed the imposed sentence to be one that would adequately deter and punish Burns. *See* 18 U.S.C. § 3553(a)(2)(A), (B). In looking to rehabilitative features of the imposed sentence, the court noted that the sentence will give Burns "opportunities to get his GED, which apparently he had not done, since he has dropped out of his school," "to explore vocational skills," and "to receive mental health counseling or drug counseling, should the need present itself." *See id.* § 3553(a)(2)(D). The court then properly considered the Guidelines range, *see id.* § 3553(a)(4), determining that because Burns's prior drug offenses were for relatively small amounts, it would not sentence him to the statutory maximum. Imposing a below-maximum sentence reconciled Burns's sentence with other

similarly situated defendants, avoiding an unwarranted sentence disparity. The district court's sentencing passes the reasonableness standard.[3]

Finally, Burns contends, without legal support, that the Guidelines formulation deprived him of the full benefit of his acceptance of responsibility. Burns essentially argues that the district court should have capped his sentence at 120 months before reducing it to account for his acceptance of responsibility, resulting in a greater sentence reduction.

The Guidelines foreclose this argument. *See United States v. Bentley*, No. 95-3337, 1996 WL 160813, *3-4 (6th Cir. Apr. 4, 1996). After calculating Burns's base-offense level at 24, the district court added four levels. U.S.S.G. § 2K2.1(b)(6). This produced an offense level of 28, combined with a criminal history of VI, resulting in a Guidelines range of 140 to 175 months. Section 1B1.1(e) instructs the court to then "[a]pply the adjustment as appropriate for the defendant's acceptance of responsibility." The district court subtracted three levels. *Id.* § 3E1.1(a), (b). With a resulting offense level of 25, the Guidelines recommend 110 to 137 months imprisonment. Only after determining this range should the court consider the effect of any statutory maximum or minimum. *Id.* § 1B1.1(h). Part G of Chapter Five requires that Burns's 110 to 137 month range be capped by "the statutorily authorized maximum sentence," *id.* § 5G1.1(c), resulting in a range of 110 to 120 months. Congress contemplated situations like this one in which the range would be less than the statutory maximum on the low end and greater than the statutory maximum on the high end, even after applying reductions for acceptance of responsibility. "Thus, any argument that the district court misapplied the guidelines by applying the § 3E1.1 adjustment to the base offense level rather than to the statutory maximum sentence is meritless." *United States v. Rodriguez*, 64 F.3d 638, 641 (11th Cir. 1995) (per curiam).

III

For the foregoing reasons, we affirm.

---

[3] Burns's argument that it was unreasonable for the district court to use his criminal record to increase his offense level and then again to increase his criminal history category is without merit. This is Congress's policy.