# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 25, 2010

Charles R. Fulbruge III
Clerk

No. 08-30654

KEVIN SHOLES,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-01831

Before DAVIS, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kevin Sholes filed an application for habeas corpus under 28 U.S.C. § 2254. The district court denied relief. Sholes appeals, arguing violations of his due process rights and his right to effective assistance of counsel. We agree with the district court that the state court's determination was not contrary to or an unreasonable application of federal law. Therefore, we AFFIRM.

Sholes was convicted of second-degree murder and sentenced to life in prison. The Louisiana Fourth Circuit Court of Appeal affirmed the conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-30654

and sentence on direct appeal. The court's opinion outlines the facts of the crime in further detail. *State v. Sholes*, 782 So. 2d 691, 693-94 (La. App. 4th Cir. 2001). The Court of Appeal affirmed the trial court's evidentiary rulings and found the evidence sufficient to establish Sholes's guilt beyond a reasonable doubt. The Louisiana Supreme Court denied all state writs. *State v. Sholes*, 810 So. 2d 1136 (La. 2002).

Sholes filed a *pro se* state post-conviction relief application, which was supplemented after he retained counsel. The trial court held a hearing on the claims and granted Sholes post-conviction relief. The Louisiana Supreme Court, though, reversed. *State v. Sholes*, 920 So. 2d 212 (La. 2006).

Sholes, represented by counsel, filed a Section 2254 application in the United States District Court for the Eastern District of Louisiana. He alleged due process violations under *Brady v. Maryland*, 373 U.S. 83, 86-87 (1963), and ineffective assistance of counsel. The magistrate judge examined each piece of withheld material and concluded that their withholding did not undermine confidence in the jury's verdict. Each ineffective assistance of counsel claim was reviewed, and deficiency and prejudice were not found. *See Strickland v. Washington,* 466 U.S. 668, 686 (1984). The district court adopted the magistrate's report, denying Sholes habeas relief. Proceeding *pro se*, Sholes appeals the district court's judgment.

## DISCUSSION

We will not grant Section 2254 habeas relief to a state inmate unless the state court's adjudication resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established federal law if (1) the state court "applies a rule that contradicts the governing law" as announced by the Supreme Court, or (2) the state court decides a case with materially indistinguishable

No. 08-30654

facts differently than the Supreme Court did. *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (internal quotation marks and citation omitted). A state court's application of clearly established federal law is unreasonable when the state court "identifies the correct governing legal principle from Supreme Court precedent, but applies that principle to the case in an objectively unreasonable manner." *Woods v. Quarterman*, 493 F.3d 580, 584 (5th Cir. 2007) (citation and quotation marks omitted).

We review the district court's conclusions of law in its consideration of the state court's adjudication *de novo* and its conclusions of fact for clear error. *Nelson v. Quarterman*, 472 F.3d 287, 293 (5th Cir. 2006).

A.    *The* Brady *Claims*

Sholes alleges that the State withheld evidence in violation of *Brady*. To establish a due process violation under *Brady*, the defendant must show that (1) the State withheld evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material to the defense. *Avila v. Quarterman*, 560 F.3d 299, 305 (5th Cir. 2009) (citation omitted).

The State appears to concede that the evidence, consisting of three witness statements and a supplemental police report, was withheld from Sholes. We do not decide whether all the evidence was favorable to the defendant. Sholes's claim under *Brady* fails because he has not shown that the Louisiana Supreme Court was unreasonable in finding the evidence immaterial.

Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citation and quotation marks omitted). That does not mea that the petitioner must show that he would have been acquitted. Rather, we determine whether "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Youngblood v. West Virginia*, 547

3

No. 08-30654

U.S. 867, 870 (2006) (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)).  Our materiality inquiry is "a fact-intensive examination done on a careful, case-by-case basis." *Banks v. Thaler*, 583 F.3d 295, 322 (5th Cir. 2009).

Sholes alleges that confidence in the jury verdict is undermined because he could not effectively cross-examine the witnesses about inconsistencies in their statements.  However, most of the inconsistencies alleged by Sholes are not actually inconsistencies or have little bearing on his guilt.  Moreover, the alleged inconsistencies regarding the identification of Sholes as the perpetrator do not undermine confidence in the verdict where, as here, Sholes was known to the witnesses prior to the incident.  In the context of the reliability of identification procedures, we have noted the prior familiarity between the identifier and the identified as part of the "thread of reliability."  *United States v. Hefferon*, 314 F.3d 211, 219 (5th Cir. 2002).

The Louisiana Supreme Court's determination that the withheld evidence did not undermine confidence in the outcome of the verdict was not contrary to or an unreasonable application of federal law.

### B.     The Ineffective Assistance of Counsel Claims

Sholes makes seven individual claims of ineffective assistance of counsel. Several claims arise from counsel's failure to locate and use the *Brady* material. He also alleges counsel was ineffective for not calling an alibi witness, two police officers, and Sholes himself to testify; for not presenting evidence that the victim was a drug dealer; and for not objecting to a photo lineup or alleged hearsay testimony.

The Sixth Amendment grants to a criminal accused the right to effective assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). This right is denied when counsel's performance (1) falls below an objective standard of reasonableness, and (2) prejudices the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Our review of counsel's performance is "highly deferential," and we strive "to eliminate the distorting effects of hindsight." *Id.* at 689. In order to establish prejudice, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We consider whether the state court's decision that the *Strickland* showing was not made was unreasonable or contrary to clearly established federal law. *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003).

Sholes did not show that counsel was deficient in not obtaining the *Brady* material. As the Supreme Court found in *Strickland*, the standard for attorney performance "is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687. Counsel's request for the material here satisfied that standard.

The claims about uncalled witnesses also fail. The Louisiana Supreme Court had before it the testimony of Sholes's attorney and the alibi witness. The court was not objectively unreasonable in concluding that the attorney's decision not to call the witness was acceptable. As to the remaining uncalled witness claims – the two officers and Sholes – Sholes has not shown prejudice. In order to demonstrate prejudice arising from failure to call witnesses, the petitioner must show that the witness would have testified at trial and that the testimony would have been favorable. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). There must be a "'reasonable probability' that the uncalled witnesses would have made [a] difference to the result." *Id.* at 603 (citation omitted).

The remaining claims are likewise not meritorious. Contrary to Sholes's assertion, counsel elicited testimony that the victim was a drug dealer and kept money and drugs in the house. Thus, the theory that others may have had motive to commit the murder was before the jury. Sholes has also not shown prejudice from counsel's failing to object to the photographic lineup. He has not shown that had counsel objected, the lineup would have been excluded. *See United States v. Rogers*, 126 F.3d 655, 658 (5th Cir. 1997). Finally, Sholes's

No. 08-30654

statement that counsel was ineffective for failing to object to hearsay testimony, without any further explanation of the law or facts surrounding the claim, is waived on appeal. *United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009) (claims waived where party merely listed them, without citation to the record or relevant law).

The final argument is that cumulative error resulting from the individual events of ineffective assistance of counsel requires reversal. The claims fails because "ineffective assistance of counsel cannot be created from the accumulation of acceptable decisions and actions." *United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006) (citations omitted).

The Louisiana Supreme Court's decision that Sholes did not make an adequate showing of ineffective counsel was not contrary to or an unreasonable application of clearly established federal law.

AFFIRMED.