NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0130n.06

No. 09-5990

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 28, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| ANTHONY LAWRENCE, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges.

**Per Curiam.**  Anthony Lawrence pleaded guilty to one count of possession of cocaine base with intent to distribute and one count of possession with a firearm in furtherance of a drug-trafficking crime.  He now challenges his below the Guidelines range sentence, arguing that the district court should have granted a departure because his criminal history was overrepresented, and that his sentence is otherwise substantively unreasonable.  We affirm.

**I.**

Officers from the Knoxville, Tennessee Police Department conducted a consensual search of Lawrence's residence and recovered a large quantity of drugs and firearms.  A federal grand jury indicted Lawrence on one count of possession of five grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in

furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Lawrence pleaded guilty to both counts without a plea agreement.

The Probation Office prepared a Presentence Report (PSR). The PSR calculated a base-offense level of 26, which was reduced to 23 because Lawrence accepted responsibility for his crimes. PSR at ¶¶ 17, 24. The PSR then determined that Lawrence had 9 criminal history points based on various crimes, including evading arrest, criminal impersonation, possession of cocaine-base, escape and unlawful possession of a firearm. *Id*. at ¶¶ 27-31, 34, 36. Because the instant offense was committed while Lawrence was on escape from a juvenile facility, the PSR added 2 criminal history points, bringing the total to 11, and creating a criminal history category of V. *Id*. at ¶¶ 18, 37. The PSR determined that a total offense level of 23 and criminal history category of V produced a Sentencing Guidelines range of 84 to 105 months of imprisonment on the possession with intent to distribute charge. *Id*. at ¶ 57. Because the firearm charge carried a mandatory minimum of 60 months imprisonment to be served consecutively, the PSR determined that the effective Guidelines range was 144 to 165 months. *Id*.

The United States filed a motion for a downward departure under U.S.S.G. § 5K1.1, and recommended a sentence of 115 months imprisonment based on substantial assistance from Lawrence. R. 76, Motion for Downward Departure. Lawrence filed a motion for variance and/or departure. R. 78, Motion for Variance. First, Lawrence requested a downward departure under U.S.S.G. § 4A1.3, arguing that his criminal history score overrepresents the seriousness of his criminal history. Specifically, Lawrence argued that most of his juvenile convictions resulted in a violation of probation charge for the previous conviction but were for "fairly innocuous delinquent

behavior." Additionally, Lawrence requested that the court consider the sentencing disparity between crack cocaine and powder cocaine, and the need for Lawrence to provide care for his children. The United States opposed the motion. R. 80, Response to Motion for Variance.

The district court considered the motions at sentencing, granting the United States' motion for a downward departure and denying Lawrence's motion. After considering the 18 U.S.C. § 3553(a) factors, the court sentenced Lawrence to 36 months of imprisonment on the drug-trafficking charge and 60 months of imprisonment on the firearm charge, to be served consecutively, for a total sentence of 96 months of imprisonment.

We conduct abuse-of-discretion review of a district court's sentence, looking for both procedural and substantive reasonableness. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir 2008) (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)). Additionally, we conduct *de novo* review of a district court's legal interpretations of the Guidelines, while accepting the court's factual finding unless they are clearly erroneous. *United States v. Burns*, 498 F.3d 578, 580 (6th Cir. 2007).

Lawrence first appeals the district court's denial of his motion for a downward departure under U.S.S.G. § 4A1.3. We only review a district court's failure to grant a downward departure if the court erroneously believed it lacked the authority to grant the departure. *United States v. Lucas*, 357 F.3d 599, 609 (6th Cir. 2004). Lawrence argues that the district court believed that it did not have the authority to depart unless he fell within the example provided in an application note. We disagree. A district court judge does not have to explicitly state that he has the authority to depart. *Id*. at 609–10. Instead, we can infer that the district court recognized that it had the authority to

depart when it "states that there was no basis for departure in this case." *Id*. at 610. Here, the district court considered the arguments of both sides and then noted that the application note provided "a scenario where reducing a defendant's criminal history score would be warranted," where there is a significant gap in criminal history. Sent. Tr. at 35. The court noted that there was no similarity with the Guidelines example because Lawrence has been consistently breaking the law, including trafficking crack-cocaine since the age of 16. *Id*. Finding that the criminal history category did not overrepresent Lawrence's criminal history, the court denied the motion for departure. *Id*. The court did, however, specifically consider Lawrence's juvenile history when choosing to impose a sentence below that recommended by the government. *Id*. at 38. Because the district court recognized that it had the authority to depart but found no basis for a departure, we decline to review the denial of the departure.

Next, Lawrence argues that the sentence is substantively unreasonable. For a sentence to be substantively reasonable, it should be sufficient but not greater than necessary to comply with the purposes of § 3553(a). *Curry*, 536 F.3d at 573. Specifically, Lawrence argues that his sentence is greater than necessary because the district court placed too much weight on his conduct in the instant offense and his criminal history. Where a sentence falls within the Guidelines range we apply a presumption of reasonableness; where a sentence falls below the Guidelines range, as it does here, Lawrence's task of showing that it is unreasonable is even more demanding. *Id*. Lawrence has not overcome this strong presumption of reasonableness. Our review of the record shows that the district court carefully considered nearly all of the § 3553(a) factors, including the nature and circumstances of the instant offense, the history and characteristics of the defendant, the benefit that

Lawrence would receive from substance-abuse treatment, the need to promote respect for the law and the need to provide deterrence. Sent. Tr. at 30-34. While the record does suggest that the court found that the mix of drugs and firearms in the instant offense and Lawrence's history of recidivism were important, there is nothing in the record that suggests the court placed an unreasonable amount of weight on those factors, especially because the district court sentenced Lawrence below the applicable Guidelines range. Furthermore, it is quite reasonable for a district court to find those factors to be important. Accordingly, we find the sentence to be substantively reasonable.

Lawrence's last argument is that the district court erred in refusing to apply a crack to cocaine powder ration lower than 100 to 1. Specifically, Lawrence argues that in declining to vary from the Guidelines ratio, the district court inappropriately made an individualized assessment. This argument relies on a misunderstanding of the Supreme Court's holding in *Spears*. *Spears* recognized that a district court can depart from the Guidelines ratio based on a policy disagreement with the ratio, which would prevent district courts from "masking their categorical policy disagreements as 'individual determinations.'" *Spears v. United States*, 129 S.Ct. 840, 844 (2009). This was precisely because earlier the Court had recognized that a district court can vary from the Guidelines ratio "based on the individualized circumstances of a particular case." *Kimbrough v. United States*, 552 U.S. 85, 102 n.13 (2007). Here, the district court recognized that it had the authority to vary from the Guidelines ratio, but declined to do so because in the instant offense Lawrence had loaded firearms and drugs in the presence of minor children. Sent. Tr. at 37. That decision was not an abuse of discretion.

## II.

For the foregoing reasons, we affirm the sentence imposed by the district court.