NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0463n.06

No. 11-3687

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 01, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| ROBERT FARRIS, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Robert Farris, who is represented by counsel, appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Farris pled guilty to four counts of being a felon in possession of a firearm because he sold four firearms and crack cocaine to an undercover law enforcement agent in June and August of 2010. Farris's presentence report calculated his total offense level at twenty-three and his criminal history category at VI, resulting in an advisory sentencing guidelines range of ninety-two to 115 months of imprisonment. The district court agreed with these calculations and sentenced Farris to 105 months of imprisonment and three years of supervised release.

On appeal, Farris argues that the district court erred in applying the enhancement of USSG § 2K2.1(b)(6) because 1) the weapon and narcotics sales were separate transactions that happened

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

at separate locations, and 2) because he was not the source of the narcotics, but was acting only as a third party for the narcotics dealer.

We review a district court's decision to apply the section 2K2.1(b)(6) enhancement *de novo* when it involves "strictly a question of law," but "review the district court's factual findings for clear error, and accord due deference to the district court's determination that the firearm was used or possessed in connection with the other felony . . . ." *United States v. Taylor*, 648 F.3d 417, 431–32 (6th Cir. 2011) (internal quotation marks and citations omitted).

Section 2K2.1(b)(6) provides that if a defendant used or possessed a firearm or ammunition in the connection with another felony, the defendant's offense level is increased by four. The enhancement applies when the government establishes by the preponderance of the evidence a nexus between the firearm and an independent felony, which may or may not be charged in the indictment. *United States v. Burns*, 498 F.3d 578, 580 (6th Cir. 2007); *see also* USSG § 2K2.1 cmt. n.14(C) (2010). Demonstrating this connection is not particularly difficult. The enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A) (2010). Application Note 14(B) provides that the enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating another felony offense . . . ." USSG § 2K2.1 cmt. n.14(B) (2010).

"[Proximity] is certainly indicative of a connection between the guns and the drugs." *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009). A sufficient connection is established where "a defendant has used a firearm to protect the drugs, facilitate a drug transaction, or embolden himself while participating in felonious conduct." *United States v. Huffman*, 461 F.3d 777, 788 (6th Cir.

2006). The "in connection with" requirement of section 2K2.1(b)(6) has the same meaning as the "in relation to" requirement of 18 U.S.C. § 924(c)(1), which provides for mandatory minimum sentences for "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm." *United States v. Hardin*, 248 F.3d 489, 497 (6th Cir. 2001). Under section 924(c)(1), for a firearm to be used "in relation to" a drug trafficking crime, it must "facilitate, or have the potential of facilitating" the drug offense, the same requirement adopted by Application Note 14(A) for the "in connection with" language of section 2K2.1(b)(6). *See id.* at 497-98 (alterations and citations omitted). Thus, where firearms facilitated, or had the potential to facilitate, a drug transaction, the requirements of section 2K2.1(b)(6) are satisfied.

The district court did not err in applying section 2K2.1(b)(6). Although Farris argues that the firearm was given to the agent at one location before they drove to a second location to retrieve the drugs, the record reflects that the transaction was, from the outset, intended to encompass the sale of both a firearm and crack cocaine. Accordingly, Farris has not shown that the district court erred in applying this enhancement.

Finally, Farris argues that he was not the source of the narcotics, but acted only as a third party to a narcotics dealer. Farris's assistance in the distribution of the narcotics establishes that he did indeed engage in illegal drug transactions. *See United States v. Burns*, 298 F.3d 523, 537 (6th Cir. 2002). Thus, the government established a sufficient connection between the drugs and firearm to satisfy the requirements of section 2K2.1(b)(6).

The district court's judgment is affirmed.