NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  15a0524n.06

No. 14-2415

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | FILED<br>Jul 23, 2015<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JESSIE FRANK JONES, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  BATCHELDER, ROGERS, and KETHLEDGE, Circuit Judges.

PER CURIAM.  Jessie Frank Jones appeals his sentence.  Jones pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  The district court determined that Jones's base offense level was 20.  The court added two levels under U.S.S.G. § 2K2.1(b)(4)(A) because the firearm was stolen and four levels under § 2K2.1(b)(6)(B) because Jones possessed the firearm in connection with another felony offense.  The court subtracted three levels for acceptance of responsibility, resulting in a total offense level of 23.  Based on the total offense level of 23, and a criminal history category of III, Jones's guidelines range of imprisonment was 57 to 71 months.  The district court sentenced Jones to two concurrent prison terms of 57 months.

On appeal, Jones argues that the district court erred by applying the four-level enhancement under § 2K2.1(b)(6)(B) because the evidence did not show that he used or

possessed the firearm in connection with his controlled substance offense. We review the district court's factual findings for clear error and accord due deference to its determination that a firearm was used or possessed in connection with another felony offense. *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011).

Under § 2K2.1(b)(6), a four-level enhancement applies if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). A district court should apply the enhancement only if the government establishes by a preponderance of the evidence that there is a nexus between the firearm and an independent felony. *Taylor*, 648 F.3d at 432. Where the other felony offense is a drug trafficking offense, the four-level enhancement will generally apply if the firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. U.S.S.G. § 2K2.1 cmt. (n.14).

The district court properly applied the enhancement. Jones admitted that he possessed the firearm and that he was engaged in drug trafficking. And it was undisputed that, during the search of Jones's residence, law enforcement officers found a digital scale and drug paraphernalia in his bedroom and a handgun with two loaded magazines in his bedroom closet. Given those facts, and the close proximity of the firearm to the drug-related materials, the district court could reasonably conclude that Jones possessed the firearm in connection with a drug trafficking offense. *See Taylor*, 648 F.3d at 432-33; *United States v. Burns*, 498 F.3d 578, 580-81 (6th Cir. 2007).

Accordingly, we affirm Jones's sentence.