**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Corey NEAL, Defendant–Appellant.**

**No. 14–6500.**

United States Court of Appeals,
Sixth Circuit.

Oct. 7, 2015.

BEFORE: KEITH, ROGERS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Corey Neal pleaded guilty to possession of a firearm by a felon. Neal fled before sentencing, which increased his advisory Guidelines range from 41–51 months to 70–87 months of incarceration. The district court sentenced him to 84 months. On appeal, Neal challenges a four-level enhancement to his Guidelines calculation for possessing a firearm "in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6)(B), and the substantive reasonableness of his sentence. We affirm.

I.

On October 12, 2012, Memphis law enforcement received a call reporting that several individuals were assaulting Trevor Whitmore. As officers were traveling to Whitmore's residence, they observed a vehicle and passengers that matched the descriptions provided by the caller. In the car were Neal, his girlfriend, and three others, as well as a loaded handgun. According to a statement Whitmore gave to the police, Whitmore had been fighting with Neal's sister when Neal arrived with several friends. Neal and Whitmore began fighting. Neal then pulled a handgun from his pocket, pointed it at Whitmore, and said, "I'm going to kill you" before leaving the scene.

Neal's statement to the police was more detailed, but not entirely inconsistent with Whitmore's account. Neal was at a studio making music when he received a call from his sister's friend who said that Whitmore was assaulting Neal's sister. Neal instructed the friend to call the police. Neal called his mother who also said she would call the police. Later, Neal received another call from his sister's friend. This time, Neal could hear his sister screaming in the background. He grabbed a gun and went with his girlfriend and three others to Whitmore's residence. When they arrived, Neal saw Whitmore on top of Neal's sister "knocking the blood out of her." Neal told Whitmore to stop but Whitmore struck Neal in the nose instead. Whitmore also punched Neal's friend. At that point, according to Neal, Whitmore's father came out of the house with a gun pointed at Neal and his friends. Neal admittedly pulled his gun "partly out of [his] pocket" before Whitmore struck him again. Neal pushed the gun back into his pocket and left with his friends. Soon after, they were stopped by the police.

A grand jury charged Neal with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Neal pleaded guilty without a plea agreement. When Neal failed to appear for sentencing, the court issued a warrant for his arrest. Neal was arrested several months later. At sentencing, the district court applied a four-level enhancement for possessing a firearm "in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6)(B), because Neal possessed the firearm in connection with an aggravated assault on Whitmore, for which he was charged in state court. The court calculated the advisory Guidelines range as 70–87 months (total offense level 26, criminal history category II) and sentenced Neal to 84 months.

## II.

On appeal, Neal argues two claims of error: (1) the § 2K2.1(b)(6)(B) enhancement was inapplicable because there was no independent felony since Neal was acting in self-defense or in defense of others, and (2) his sentence is substantively unreasonable because the district court gave too much weight to his juvenile assault convictions.

## III.

When considering a challenge to a § 2K2.1(b)(6) enhancement, we review the district court's factual findings for clear error, giving "due deference" to the district court's determination that the firearm was used or possessed "in connection with" another felony. *United States v. Adkins*, 729 F.3d 559, 564 (6th Cir.2013).

The U.S. Sentencing Guidelines provide a four-level enhancement to a defendant's base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "For this section to apply, the government must estab-

lish, by a preponderance of the evidence, a nexus between the firearm and an independent felony." *United States v. Burns*, 498 F.3d 578, 580 (6th Cir.2007) (internal citations omitted). For purposes of § 2K2.1(b)(6)(B), the term "another felony offense" means "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n. 14(C).

Neal advances two arguments with respect to the enhancement: first, the government failed to establish by a preponderance of the evidence that Neal committed an aggravated assault under Tennessee law, and, second, the government failed to disprove Neal's theory of self-defense or defense of others. Neither has merit.

### A.

Under Tennessee law, a person commits assault when he "[i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury." Tenn.Code Ann. § 39-13-101(a)(2). The conduct constitutes aggravated assault if the assault "[i]nvolved the use or display of a deadly weapon." Tenn.Code Ann. § 39-13-102(a)(1)(A)(iii); *see also id.* § 39-13-102(e) (stating that subdivision (a)(1)(A)(iii) is a Class C felony).

Neal maintains that the government failed to show that he intended to cause another person to reasonably fear imminent bodily injury or that he intended to use or display the gun. But Neal acknowledges that he never objected to Whitmore's statement in the Presentence Investigation Report ("PSR") that Neal displayed the gun, pointed it at Whitmore,

and threatened to kill him. *See, e.g., State v. Kinner*, 701 S.W.2d 224, 226–27 (Tenn. Crim.App.1985) (waving a pistol in front of potential victims and ordering them on the floor was aggravated assault). Moreover, regardless of Whitmore's statement, Neal's own statement to the police supports by a preponderance of the evidence that Neal displayed the gun to Whitmore. A finder of fact could readily conclude that Neal did so to put Whitmore in fear. Finally, to the extent that Neal argues he had not decided at the time he departed for Whitmore's residence whether he would use or display the gun, when Neal arrived, he actually displayed the gun. Accordingly, the district court did not clearly err in finding that the government had established by a preponderance of the evidence that Neal violated the aggravated assault statute.

### B.

The next question is whether the district court clearly erred in finding that Neal was not justified in using force. Neal maintains that because he went to Whitmore's residence to defend his sister, and displayed his gun only after Whitmore's father pointed a gun at him, he had a justification defense to prosecution for aggravated assault, rendering the enhancement inapplicable.

We have recognized that a defendant may raise a justification defense under state law for purposes of challenging the applicability of § 2K2.1(b)(6) at sentencing. *See, e.g., Adkins*, 729 F.3d at 564–65; *United States v. Wagers*, 438 Fed.Appx. 428, 430–31 (6th Cir.2011). In the context of sentencing, we consider whether a state's justification law bars application of the enhancement even though the defendant possessed a firearm in connection with "another felony" under the state statute. *See Adkins*, 729 F.3d at 564–65;

*United States v. Clark*, 403 Fed.Appx. 12, 15–16 (6th Cir.2010).

In Tennessee, justification is a "defense to prosecution" for otherwise unlawful conduct. Tenn.Code Ann. § 39–11–601. Regarding self-defense, Tennessee law provides:

(b)(1) ... [A] person who is not engaged in unlawful activity and is in a place where the person has a right to be has no duty to retreat before threatening or using force against another person when and to the degree the person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force.

(b)(2) ... [A] person who is not engaged in unlawful activity and is in a place where the person has a right to be has no duty to retreat before threatening or using force intended or likely to cause death or serious bodily injury if:

(A) The person has a reasonable belief that there is an imminent danger of death or serious bodily injury;

(B) The danger creating the belief of imminent death or serious bodily injury is real, or honestly believed to be real at the time; and

(C) The belief of danger is founded upon reasonable grounds.

Tenn.Code Ann. § 39–11–611(b). The defense is unavailable if "the person using force provoked the other individual's use or attempted use of unlawful force," unless the "person using force abandons the encounter or clearly communicates to the other the intent to do so [and] [t]he other person nevertheless continues or attempts to use unlawful force against the person." *Id.* § 39–11–611(e). This defense "implies no license for the initiation of a confrontation or an unreasonable escalation of a

confrontation in progress." *State v. Renner,* 912 S.W.2d 701, 704 (Tenn.1995).

Defense of a third party is also a defense to prosecution:

A person is justified in threatening or using force against another to protect a third person, if:

(1) Under the circumstances as the person reasonably believes them to be, the person would be justified under § 39–11–611 [the self-defense statute] in threatening or using force to protect against the use or attempted use of unlawful force reasonably believed to be threatening the third person sought to be protected; and

(2) The person reasonably believes that the intervention is immediately necessary to protect the third person.

Tenn.Code Ann. § 39–11–612. It is "well settled" that the existence of self-defense is a factual determination under Tennessee law. *Clark,* 403 Fed.Appx. at 16 (citing *State v. Goode,* 956 S.W.2d 521, 527 (Tenn. Crim.App.1997)). The prosecution bears the burden of proving that the defendant did not act in self-defense. *State v. Belser,* 945 S.W.2d 776, 782 (Tenn.Crim.App.1996), *rev'd on other grounds as recognized by State v. Upshaw,* No. W1999–00777–CCA–R3–CD, 2001 WL 29456, at *8 n. 1 (Tenn. Crim.App. Jan. 11, 2001).

We have previously examined a defendant's actions under Tennessee's self-defense statute with respect to the same four-level sentencing enhancement. There, we observed that the existence of self-defense was a fact question that "lengthens [the defendant's] climb on [ ] appeal and steepens it as well." *Clark,* 403 Fed.Appx. at 16. Where, as here, the defendant lost below, our standard of review requires us to read the facts and inferences in favor of the district court's

ruling. *Id.* at 17 (citing *United States v. Panak,* 552 F.3d 462, 465 (6th Cir.2009)); *United States v. Dillard,* 438 F.3d 675, 680 (6th Cir.2006). "Where there are two permissible views of the evidence, the district court's conclusions cannot be clearly erroneous." *United States v. Worley,* 193 F.3d 380, 384 (6th Cir.1999).

■ In this case, to the extent that Neal's statement to police was inconsistent with Whitmore's, the district court credited Whitmore's statement. The district court was permitted to credit the facts in the PSR based on Whitmore's statement, especially considering that Neal did not object to those facts. *Cf. United States v. Hyler,* 308 Fed.Appx. 962, 967 (6th Cir. 2009) ("the district court properly concluded that the undisputed facts set forth in the PSR establish the occurrence of a second felony (aggravated assault and/or reckless endangerment) by a preponderance of the evidence").

But even without Whitmore's statement—relying solely on Neal's statement—the facts establish that Neal armed himself, went to Whitmore's residence, and instigated a confrontation with Whitmore during which Neal reached for and partially displayed his gun. That evidence sufficiently supports the district court's factual finding that Neal's actions were not justified. A justification defense is not available when a defendant arms himself, initiates a confrontation, and uses or attempts to use unlawful force without abandoning the encounter or clearly communicating an intent to do so. *See* Tenn.Code Ann. § 39–11–611(e). The evidence as set forth in Neal's statement supports the district court's factual finding that Neal did not act in self-defense under § 39–11–611(e) because (1) Neal provoked Whitmore's father's decision to point a gun at Neal and his friends, and (2) Neal did not abandon the encounter or communicate to Whit-

more's father that Neal intended to abandon the encounter before Neal pulled his gun from his pocket. In short, there is sufficient evidence in the record to support the district court's factual finding that Neal was not acting in self-defense. The district court did not clearly err in its ruling. Since Neal was not justified in using force under Tenn.Code Ann. § 39–11–611, he was not justified in using force in defense of others, *id.* § 39–11–612(1), and he does not argue otherwise.

Neal also asserts that the district court "ignored" his self-defense argument. But a careful review of the sentencing record reveals that the district court necessarily considered not only whether Neal's actions constituted an aggravated assault but also whether the use of force was justified. In overruling Neal's objection, the district court expressly acknowledged Neal's "self defense" argument, but went on to explain that Neal's "self-serving statement" on which he relied was not as credible as Whitmore's statement that Neal "pulled the handgun from his pocket, pointed it at Whitmore and said I'm going to kill you." Moreover, the district court reasoned, Neal's own statement supported that "the defendant wrongfully armed himself and went to the scene." Acknowledging Neal's version of the story, in which Neal pulled out his gun after Whitmore's father pulled his first, the district court observed that it was still uncontroverted that Neal "did arm himself [and] went to the scene." Thus, the district court did not "ignore" Neal's self-defense argument.

Finally, Neal argues that the court's credibility determination itself was clear error. But we need not address that argument because Neal's statements, viewed under the deferential standard of review, are sufficient to support the district court's factual determination that Neal's use of force was not justified. For these reasons,

the district court did not err in applying the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

## IV.

Neal's final claim of error is that his sentence is substantively unreasonable. We review sentences for reasonableness under an abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan–Madrigal,* 601 F.3d 629, 632–33 (6th Cir.2010). "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Walls,* 546 F.3d 728, 736 (6th Cir.2008) (alterations and citations omitted). In this circuit, we apply a rebuttable presumption of reasonableness to sentences within a properly calculated Guidelines range. *Id.*

Neal's position is that the district court gave an unreasonable amount of weight to his juvenile assault convictions. In assessing the § 3553(a) factors, the district court considered Neal's juvenile convictions, as well as an assault at age 15, an adult aggravated assault conviction from 2008 after Neal shot a man, and the aggravated assault in this case. Drawing connections between these offenses, the court observed that Neal had "no respect for the law" and is "a danger to the public" when he gets into heated situations. In light of the § 3553(a) factors, the district court imposed a within-Guidelines sentence of 84 months.

The district court did not abuse its discretion when considering Neal's juvenile convictions. A "mere allegation that the sentence imposed is greater than necessary to achieve the goals of punishment outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness" of a within-Guidelines sentence. *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir.2006). "The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant aspects." *Id.* (quoting *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir.2006)). Because the district court adequately considered the § 3553(a) factors, Neal's sentence is substantively reasonable.

## V.

For these reasons, we affirm the judgment of the district court.