NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0062n.06

No. 18-5255

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Feb 07, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| TIMOTHY MOONINGHAM, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |

Before: BOGGS, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Timothy Mooningham challenges his 87-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He argues, among other things, that the district court sentenced him based on an erroneous finding of fact. We agree and vacate Mooningham's sentence.

I.

In 2016, Timothy Mooningham was driving with two female passengers in Tullahoma, Tennessee, in a car that Mooningham had borrowed from an acquaintance. Mooningham ran a stop sign, and a police officer pulled him over. Mooningham and one of his passengers told the officer that they were on their way to check on Mooningham's aunt, who was supposedly having a medical emergency. Moments later, however, the pair fled on foot.

Turning back to the car, the officer noticed the smell of marijuana. He searched the car and found a 9-millimeter handgun in the center console next to the driver's seat. Near the front

passenger seat, he found a bag with 20 grams of marijuana, 26 grams of methamphetamine, and 41 Xanax pills; in the back seat, he found another bag with two more guns and some "loose gold items"; and in the trunk, he found several pieces of audio equipment in their original packaging. Later that day, police arrested Mooningham and found $1,480 in cash on his person. He was thereafter charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He pled guilty.

At the sentencing hearing, the district court increased Mooningham's offense level by four levels after determining that he possessed the firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The court determined that the proper Guidelines range was 51 to 63 months. But the court thought this range did not reflect Mooningham's remarkable criminal record: by age 33, he had amassed 33 criminal convictions, including 17 for felonies, four of which were for burglary. Over Mooningham's objection, the court then concluded that the sentencing factors listed in 18 U.S.C. § 3553(a) weighed in favor of an upward variance. Hence the court varied upwards from Mooningham's Guidelines range by 24 months and sentenced him to 87 months' imprisonment.

Mooningham filed a motion to reconsider his sentence, arguing that the district court's upward variance was improper, in part because (in Mooningham's view) the court had relied on some unnamed studies regarding recidivism rates for burglars. The court denied the motion, explaining that it had based Mooningham's sentence on his own record of recidivism, not general studies. The court added, however, that Mooningham had committed "more than one" prior offense involving "possession of a firearm." The court then entered judgment and this appeal followed.

II.

A.

Mooningham challenges the district court's finding that he possessed the pistol "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). We review the district court's factual findings for clear error, giving "due deference" to the court's determination. *See United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011).

Section 2K2.1 of the Guidelines provides for a four-level increase of the defendant's offense level if his possession of a firearm "facilitated, or had the potential of facilitating, another felony offense[.]" U.S.S.G. § 2K2.1 cmt. n.14(A). This enhancement applies when the government shows a "nexus" between the firearm and drug trafficking, *e.g.*, by showing that the firearm was in "close proximity" to drugs. *Taylor*, 648 F.3d at 432; *see also* U.S.S.G. § 2K2.1 cmt. n.14(B).

Here, the district court found a nexus between the firearm and drug trafficking based on several facts. First, Mooningham had "easy access" to the pistol, which was next to him in the car's center console. *See United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009). He also had access to a distribution quantity of drugs—more than $2,600 worth—found by the front passenger seat and in "close proximity" to the gun. *See id.* at 322. And when he was arrested, he possessed $1,480 in cash—even though he was then living on food stamps and had worked only sporadically since his release from prison six months earlier. *See United States v. Burns*, 498 F.3d 578, 581 (6th Cir. 2007). Together, these facts gave the district court an ample basis to infer that Mooningham had possessed the firearm in connection with drug trafficking. *See United States v. Hardin*, 248 F.3d 489, 499-500 (6th Cir. 2001).

Mooningham contends that the district court could not infer that he physically possessed either the gun or the drugs, because he was driving a borrowed car with two other passengers. But Mooningham admitted that he constructively possessed the firearm when he pled guilty to being a felon in possession of a firearm. He cannot dispute that fact now. *See id.* at 498. And the court made "an entirely reasonable inference" that Mooningham had possessed the drugs based on their proximity to the driver's seat. *Cf. Maryland v. Pringle*, 540 U.S. 366, 372 (2003). Mooningham's challenge to the enhancement is meritless.

B.

Mooningham argues that the district court abused its discretion when it "select[ed] a sentence based on [a] clearly erroneous fact[]." *United States v. Woods*, 604 F.3d 286, 290 (6th Cir. 2010). Specifically, Mooningham asserts that, in the district court's order denying reconsideration, the district court mistakenly recited that "[m]ore than one" of Mooningham's prior convictions had "involved possession of a firearm[.]" Mooningham is correct: although the Presentence Report stated that he possessed a gun when he was arrested for one of his prior convictions, in that case the arrest came well after the crime itself. The PSR did not state whether Mooningham possessed the gun during the commission of the offense, or why an ensuing gun-possession charge was dismissed. And though the PSR also stated that Mooningham had another conviction for "resisting arrest involving [a] weapon," the PSR did not specify what kind of weapon—gun or otherwise—was involved in that offense. The district court's characterization of Mooningham's criminal record as presented in this PSR, therefore, was clearly erroneous. And that characterization appears to have been part of the basis for Mooningham's sentence. Hence we vacate his sentence and remand for resentencing.