NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0294n.06

No. 23-5997

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 08, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) ) | UNITED STATES DISTRICT COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| CHRISTOPHER GREEN, | ) ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) ) | |

Before: GIBBONS, KETHLEDGE, and DAVIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Christopher Green pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C § 922(g)(1). He now appeals his sentence, arguing that the district court erred when it applied a four-level enhancement for unlawfully possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). We reject his arguments and affirm.

On May 12, 2021, Chattanooga police officers observed Green sitting in a Ford Focus in a gas-station parking lot. Green eventually got out of the car and started smoking a blunt with another man, during which time the officers saw that Green had a pistol tucked into his waistband. The officers eventually detained Green and recovered a 9-millimeter, Glock Model 48. The officers then searched his car, where they found two bags containing a total of 109.4 grams of marijuana, a one-gram marijuana blunt, a digital scale, and 11 empty plastic baggies. A records search revealed that Green was a convicted felon and that the firearm was stolen.

A federal grand jury later indicted Green for being a felon in possession of a firearm. Green pled guilty. His presentence report recommended a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a handgun "in connection with" another felony offense, namely, "possession of marijuana for resale." *See* Tenn. Code. Ann § 39-17-417(a)(4), (g)(1). Green objected to that enhancement, arguing that he possessed only a personal-use quantity of marijuana, which (he says) was unrelated to his firearm possession.

At sentencing, the district court overruled Green's objection, finding that the evidence indicated that Green intended to sell the drugs and that the enhancement applied because police found the gun "in conjunction" with the drugs. The court calculated Green's resulting advisory Guidelines range as 102 to 115 months' imprisonment. (The district court adopted the presentence report, but misstated the Guidelines range, which the presentence report accurately calculated as 92 to 115 months' imprisonment. Green did not object to the misstated range at sentencing, nor does he mention it here.) The court then varied downward to impose a sentence of 84 months' imprisonment.

Green now argues that the district court erred when it applied § 2K2.1(b)(6)(B). That enhancement increases a defendant's base offense level by four levels if the government proves by a preponderance of the evidence that a defendant "used or possessed any firearm or ammunition in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B); *United States v. Mukes*, 980 F.3d 526, 533 (6th Cir. 2020). When, as here, the other offense is drug trafficking, the enhancement may apply if the "firearm is found in close proximity" to a distribution quantity of drugs, because "the presence of the firearm has the potential of facilitating" the offense. *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009) (quoting U.S.S.G. § 2K2.1 cmt. n.14(B)(ii)). We review the district court's factual findings for clear error and give deference to its

determination that the firearm "was used or possessed in connection with" the other felony. *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011).

Green first argues that the government failed to prove that he committed "another felony offense." As relevant here, the Guidelines define "another felony offense" as any offense "punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C). Under Tennessee law, a person commits a Class E felony when he knowingly possesses more than 14.175 grams of marijuana with the intent to deliver it. *See* Tenn. Code Ann. § 39-17-417(a)(4), (g)(1). Green possessed almost eight times that felony amount here. Yet he contends that, as a daily user of marijuana, he possessed the entire 109 grams of marijuana for personal use and thus lacked the requisite intent to deliver it. He also argues that the digital scale, empty baggies, and separate packaging each "align with" his personal use.

But that argument "views each piece of evidence in artificial isolation." *United States v. Lester*, 98 F.4th 768, 778 (6th Cir. 2024). When reviewing evidence for a sentencing enhancement, courts instead consider the totality of the circumstances. *See United States v. Burns*, 498 F.3d 578, 581 (6th Cir. 2007). And here—as the district court explained at sentencing—the evidence viewed in the aggregate provided an ample basis to infer that Green possessed the marijuana with the intent to distribute it. *See Lester*, 98 F.4th at 778-79.

Green also argues that the district court imposed this enhancement without first finding that he possessed the gun "in connection with" drug trafficking. But the court stated that Green possessed the gun "in conjunction with" with a substantial quantity of marijuana that he evidently intended to sell. And the sentencing transcript shows that the court thought the enhancement was applicable under this court's caselaw because police undisputedly found the gun and drugs in

"close proximity" to one another. *United States v. Crump*, 65 F.4th 287, 300 (6th Cir. 2023) (citation omitted). An enhancement this "conceptually straightforward" does not require much in the way of explanation. *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009) (citation omitted). The district court properly applied the enhancement.

The district court's judgment is affirmed.